ANNA J. BAZILLE *vs*. WILLIAM P. MURRAY and Wife, impleaded, etc.

January 18, 1889.

Res Judicata—Judgment in Ejectment—Matters Pleadable but not
    Pleaded.—Where, in an action to recover possession of real property,
    the complaint tenders an issue on the title of the plaintiff, basing his
    right to the possession upon such title, a judgment in his favor upon the
    merits is conclusive upon the question of title at that time between the
    parties and their privies; and, in a subsequent action between them, to
    determine adverse claim to the premises, will be a bar to any claim of
    title by the defendant under a deed executed to him prior to the former
    action.    It is immaterial whether in the first action the defendant pleaded
    and presented his claim of title under such deed; the judgment is con-
    clusive in the second action upon the question of title, not only as to
    every matter which was offered and received to defeat plaintiff's claim,
    but also as to any other admissible matter which might have been offered
    for that purpose.

Same — Effect of Judgment after Time for Enforcement Elapsed.—
    The fact that by reason of lapse of time such judgment can no longer be
    enforced by execution will not affect its force as an estoppel.

Adverse Possession—Cutting Grass Annually.—An annual entry for a
    short time upon uninclosed wild land, to cut natural grass upon part of
    it, will not, of itself, work disseisin of the owner, and create adverse pos-
    session against him.

The plaintiff brought this action in the district court for Ramsey
county, to determine the adverse claims of the defendants to certain
vacant lands of which the plaintiff claims to be the owner.    The de-
fendants William P. Murray and Carrie C., his wife, answered, denying
plaintiff's ownership, denying that the lands are vacant and unoccu-
pied, and alleging that the defendant Carrie C. Murray is the owner
of the lands, and has been in continuous adverse possession thereof
for more than 20 years prior to the commencement of the action.
The action was tried, without a jury, before *Brill, J.*, who ordered
judgment for plaintiff.    Defendants Murray and wife appeal from an
order refusing a new trial.

Both parties claim title, through mesne conveyances, from one Louis Laravie, the defendants by the deeds mentioned in the opinion, and the plaintiff by deed from Laravie to Geo. F. Allen, bearing date December 12, and recorded December 14, 1857; and by deed from Allen to Charlotte Laravie, (of an undivided half of the land,) bearing date December 15, 1887; and by deed from Allen and Charlotte Laravie and husband to the plaintiff, bearing date May 3, 1862, and recorded March 17, 1886. The plaintiff also introduced in evidence the files and records in an action of ejectment for the same land, brought in the same court, in June, 1860, by Charlotte Laravie and Geo. F. Allen against Charles Bazille and the defendant Wm. P. Murray and another, in which action judgment was rendered April 26, 1862, adjudging "that said plaintiffs are seised in fee-simple of the real estate in said complaint described, and that the entry of said defendants upon said premises  *  *  *  is and was wrongful, and that the said plaintiffs are entitled to be restored to the possession of said real estate and quieted in their title thereto, and that the writ of possession issue accordingly," etc. This judgment was entered on the report of a referee, and the motion for judgment on his report was heard pursuant to a stipulation signed by the defendant Wm. P. Murray, as attorney for the defendants.

The complaint was in the usual form in an action of ejectment, but the answer was not found among the files. It was not proved or offered to be proved that any execution or writ of restitution had ever been issued in this action of ejectment.

*H. J. Horn,* for appellants.

*Clark, Eller & How,* for respondent.

MITCHELL, J. Action to determine adverse claim to real property. The plaintiff alleges that she is the owner in fee-simple. The defendants deny plaintiff's title, and allege title in themselves. Upon the trial, the evidence introduced to support defendants' claim of title consisted — *First,* of a deed from Louis Laravie (also plaintiff's remote grantor) to defendant W. P. Murray and one Charles Bazille, dated August 23, and recorded August 25, 1856; and, *second,* evidence tending to show adverse possession by defendant C. C. Murray for more than 20 years.

The judgment rendered April 22, 1862, in an action brought by Charlotte Laravie and George Allen (plaintiff's grantors) against Charles Bazille and defendant W. P. Murray, to recover possession of these premises, is a bar to any claim of title by W. P. Murray under the deed referred to as against the plaintiffs in that action, or their grantee, the plaintiff in the present action. The complaint in the former action tendered a material issue on the title of Allen and Charlotte Laravie, their right to the possession being based upon such title. The complaint in the present action tenders the same issue of title,—the right of the plaintiff to have defendants' adverse claim adjudged unfounded being likewise based upon her title. The fact that the judgment in the former action was not that the plaintiffs recover the title, but the possession, does not prevent the judgment from being an estoppel as to the rights of the respective parties upon which the right of possession depended. It is not the fruit of the litigation that constitutes the estoppel, but the facts put in issue and found, upon which the recovery is based. It is said that because the answer in the former action is missing, it cannot be ascertained what the issues were, or whether the defendants' claim of title under the deed was ever presented or passed upon. This is wholly immaterial. The judgment is equally conclusive upon the question of title whether defendants did or did not plead or present in evidence their claim under the deed. The present action, although different in form and in the precise nature of the relief sought, is in effect a second action upon the same claim, and involving the same issue, viz., the title to the premises; and therefore the judgment in the former action is a finality upon the question of title, not only as to every matter which was offered and received to sustain or defeat plaintiff's claim, but also as to any other admissible matter which might have been offered for that purpose. The issue of title having been tendered by the complaint, the defendants were bound to interpose every matter of defence which they had, and a failure to do so was a waiver of it forever. *Doyle* v. *Hallam*, 21 Minn. 515; *Caperton* v. *Schmidt*, 26 Cal. 479; *Marshall* v. *Shafter*, 32 Cal. 176; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Thompson* v. *Myrick*, 24 Minn. 4; *Hatch* v. *Coddington*, 32 Minn. 92, (19 N. W.

Rep. 393.) The fact that by reason of the lapse of time the judgment in the former action cannot now be enforced by execution, can have no possible bearing upon its effect as an estoppel. This disposes of defendants' claim of title under the deed.

2. The evidence to support their claim of title by adverse possession was clearly insufficient. While it is true that what will constitute adverse possession depends to a certain extent upon the character of the property, yet all the authorities agree that the possession of one claiming by disseisin must be actual, open or visible, notorious, exclusive, distinct, and continuous. It must be such as would work a disseisin of the owner, and support an action of ejectment, as distinguished from mere acts of trespass. "An occasional or sporadic use of land," "an occasional entry upon timber land, and cutting timber thereon," "an annual entry to cut timber or feed cattle," "an annual entry to cut grass," have been held insufficient to disseise the true owner, and create adverse possession against him. So, in *Washburn* v. *Cutter*, 17 Minn. 335, (361,) this court held that the mere cutting of timber without actual occupancy or inclosure of the land, or some part of it, when it is adapted to and capable of it, is trespass, and not adverse possession. The premises in this case were partly natural meadow. What use the balance was adapted to does not appear. The defendants never fenced, cultivated, or otherwise improved any part of the land. All they ever did was to cut the grass on part of it, or authorize some one else to do it. This occupied but a short time,—two or three weeks, at most. The remainder of the year there was nothing visible on or about the premises to indicate to the owner or any one else that anybody was occupying the land, or claiming title to it. Indeed, it does not appear that this act of cutting grass occurred every year. On the contrary, the evidence tends to show that some years it was not cut at all. To hold that such occasional and intermittent acts upon uninclosed wild land would work the disseisin of the owner, and create adverse possession against him, would, we think, be a rather dangerous doctrine, and one unsupported by the authorities. See *Wheeler* v. *Spinola*, 54 N. Y. 377; *Cornelius* v. *Giberson*, 25 N. J. Law, 1. But in any view of the case, the evidence was neither so clear nor conclusive as to

justify us in holding that the court below erred in finding that defendants had failed to establish title in that way.

It is suggested that the judgment in the former action is conclusive upon the fact that Murray and Bazille were then in adverse possession of the premises. This is probably true, but it does not follow that this has since continued. There is no presumption that it has. The burden was upon defendants to prove, not only their adverse possession 20 years ago, but the continuity of that possession for the full period necessary under the statutes.

Order affirmed.