JOHN T. WEST *vs.* PATRICK M. HENNESSEY *et al.*

Argued July 3, 1894. Reversed July 10, 1894.

Nos. 8786, 8787.

| 58 | 133 |
| 67 | 390 |
| 58 | 133 |
| 73 | 107 |
| 58 | 133 |
| 80 | 162 |

**Reply to answer setting up statute of limitation of actions.**

Where the complaint alleges the date when a cause of action accrued, showing that it was within the time within which, under the statute of limitations, an action may be brought, and the answer alleges that the cause of action did not accrue within that time, a reply is not necessary.

**Judgment in former suit when a bar.**

The complaints in this and in a former action between the same parties compared, and *held* that, although both may refer to the same transaction, and the relief sought may be the same, yet the causes of action are not the same, and hence that a judgment in the former action is not a bar to a recovery in the present one.

Appeal by plaintiff, John T. West, from a judgment of the District Court of Ramsey County, *J. J. Egan*, J., entered February 17, 1894, that he take nothing by this action.

The action was commenced October 26, 1893, against Patrick M. Hennessey and his copartners in business. The complaint stated that on March 1, 1884, the plaintiff was the owner of lots eight (8) and nine (9) in block one (1) of Hoag's Addition to Minneapolis, and in that year constructed thereon the West Hotel. In March, 1884, plaintiff made a contract with Hennessey and his partners wherein it was agreed that they should furnish the materials and construct all of the mahogany woodwork in the first and second stories

of the hotel and that plaintiff should pay them $46,750 therefor. That defendants sublet a large part of the contract to Wheaton, Reynolds & Co. and falsely stated to plaintiff, and he believed that they had sublet the whole. That plaintiff paid Hennessey and his partners the contract price in full and his architect gave directions to Wheaton, Reynolds & Co. how and in what manner the whole work should be done, including that part not in fact sublet to them. They did it all and filed a lien on the hotel for $7,352.10, the reasonable value of the part not included in their subcontract. This lien was foreclosed and plaintiff was compelled to pay and did on October 27, 1887, pay $9,068.23 in satisfaction thereof and he prayed judgment therefor.

The defendants by their answer denied many of the material allegations of the complaint and alleged that the cause of action did not accrue within six years next before the commencement of this action. They further alleged that plaintiff commenced a former action May 28, 1891, in the same court against the same defendants for the same identical cause of action, and that they answered and on October 9, 1893, the issues were tried and a verdict rendered for defendants on which judgment was entered November 11, 1893, and remains in full force. A copy of the pleadings in said former action was attached to this answer and referred to therein as a true exhibit of the issues in such former action. But in the former action the contract with Hennessey and his partners is alleged to have been made, not with plaintiff but with Charles W. West, and that he on September 21, 1884, departed this life testate and that his will had been admitted to probate at Cincinnati, Ohio, where he resided, and that plaintiff was the devisee and legatee of his Minneapolis property.

The plaintiff did not reply to this answer and when the cause was reached for trial February 5, 1894, defendants moved the court for judgment upon the pleadings and it was granted. Plaintiff excepted, judgment was entered and he appeals.[1]

*Larrabee & Gammons,* for appellant.

*C. D. & Thos. D. O'Brien,* for respondents.

[1] NOTE. There was a second action between the same parties begun at the same time in the same court and in which the pleadings are substantially the same as in this. It was determined at the same time and in the same manner, and is also brought here by appeal of the plaintiff and involves the same questions.

MITCHELL, J.   In each of these actions the court ordered judgment for the defendants on the pleadings.   As it is not claimed that the complaints do not state causes of action, the only question is whether the answers set up new matter by way of defense, which is admitted by failure to reply.

In addition to denials, the answers attempt to set up three defenses: First, the statute of limitations; second, the pendency of a former action; third, a judgment in favor of the defendants in a former action on the same cause of action.

1. According to the complaints, the causes of action accrued October 27, 1887, and the record shows that these actions were commenced October 26, 1893.   If the plaintiff had wished to avail himself of any facts which would prevent the statute from running,— such as a new promise, or absence of defendants from the state,—it would unquestionably have been necessary for him to plead them; but no reply was necessary for the purpose of traversing the allegation that the cause of action did not accrue within six years.   Any reply would have been, in effect, but a reiteration of the allegation of the complaint showing that the cause of action did accrue within that time.   Any other rule would be out of harmony with the reformed system of pleading, and inconsistent with the doctrine of this court that a complaint is demurrable if it appears on its face that the cause of action is barred by the statute.

2. The allegations of the answer attempting to plead a former action pending are so manifestly insufficient that defendants' counsel does not even urge the point in his brief.

3. The principal question, however, is whether the answers sufficiently allege a former judgment in another suit between the same parties on the same cause of action.

It is alleged that it was for the same cause of action, but the pleadings on the former action, which are set up in the answers, control this general allegation.   It appears from these pleadings that the former suit was between the same parties, and grew out of the same transaction, but that it was not for the same cause of action set up in the complaint in either of the present actions.

It is, indeed, doubtful whether the complaint in the former suit states a cause of action at all; but, assuming that it does, and construing it according to its legal effect, the facts there stated as a

ground of recovery are that one *C. W. West* let a contract to defendants to do a certain part of the work in the construction of the West Hotel; that defendants sublet the whole of this contract to Wheaton, Reynolds & Co.; that, although C. W. West had paid the defendants the full contract price, yet they failed to pay Wheaton, Reynolds & Co.; that, in consequence of this, Wheaton, Reynolds & Co., as subcontractors, had a lien on the property, and obtained a judgment for the amount due them, which was adjudged a specific lien on the property, and which plaintiff, who had in the meantime become the owner of the property, was compelled to pay.

The allegations of the complaint in the first of the present actions are that *plaintiff John T. West* made a similar contract with defendants; that defendants falsely represented to him that they had sublet the whole job to Wheaton, Reynolds & Co.; that in reliance on these representations plaintiff and his architect gave directions to Wheaton, Reynolds & Co. in reference to the performance of the work; that in fact defendants had not sublet the whole job to Wheaton, Reynolds & Co., but that several thousand dollars' worth of the work performed by Wheaton, Reynolds & Co. and included in defendants' contract with plaintiff was not included in the subcontract between Wheaton, Reynolds & Co.; that in consequence of this, although plaintiff had paid defendants in full, Wheaton, Reynolds & Co. recovered against plaintiff a judgment for the work not included in their contract with defendants, which judgment was adjudged a specific lien on the property, and which plaintiff had to pay.

The answer in the second of the present actions is to the same effect, except that it alleges that the original contract with defendants was made with C. W. West.

It seems to us clear that, while the parties are the same, and the transaction referred to may be the same, and the relief sought the same, yet the cause of action in the former suit is not the same as in either of the present actions, and especially in the first of them. The best and most accurate test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the former and the present action. Applying this test, it is evident the causes of action were not the same. The judgment in favor of defendants in the former action merely determined that the facts

were not as alleged in the complaint. It is not an uncommon occurrence that a party, under a mistake of law or fact, attempts to recover by alleging a certain state of facts as his cause of action, and is defeated; but this is no bar to his recovery on another statement of facts, constituting a different cause of action, although the transaction referred to and the relief sought in both actions are the same. Such, we think, is the case here, although the present litigation may for some reasons seem vexatious.

The difference must be kept in mind between the effect of a judgment as a bar to a second suit on the same cause of action and its effect as an estoppel in another suit between the same parties upon a different cause of action. In the former case a judgment on the merits is an absolute bar to a subsequent action. In the latter case, although no bar to the second action, it will be an estoppel as to those matters in issue upon the determination of which the finding or verdict was rendered. Hence, although the judgment in the former action is no bar to the present actions, it may render some of the issues in them *res judicata* between the parties. *Cromwell* v. *County of Sac*, 94 U. S. 351. But no such questions arise on these appeals.

Judgments reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 984.)