DAVID SWANK v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 25, 1895.

Nos. 9341—(196).

**Estoppel—By Former Judgment—By Former Verdict—Pleading.**

A judgment upon the merits is an absolute bar to a second suit between the same parties on the same cause of action. This is termed "estoppel by former judgment." But where the second suit is on a different cause of action the operation of the judgment in the first action as an estoppel is limited to those issues of fact actually litigated, and upon the determination of which the finding or verdict was rendered. This is termed "estoppel by former verdict." Estoppel by former judgment, being a bar to the second action, must be pleaded; but estoppel by former verdict, being merely conclusive evidence of the facts actually litigated and determined in the first action, need not be pleaded. The party may plead his cause of action or defense in the ordinary form, leaving the judgment to be used in evidence to establish his general right. Estoppel by former verdict extends only to the facts in issue and determined in the first action, and does not estop the parties from disputing the doctrines of law applied to these facts.

**Lease—Covenant for Renewal.**

A lease for the term of one year contained the further stipulation that, if the leased premises "are not sold or leased at the expiration of this lease, then the lessee is to have this said lease renewed for a term of one year more, at its expiration, on the same terms." *Held*, that this was merely an executory, conditional covenant for a renewal of the lease, and not a present demise for a second year.

Appeal by defendant from a judgment of the district court for Ramsey county, for $580.64, entered in pursuance of an order for judgment by Otis, J. Reversed.

*John Cavanagh* and *Munn, Boyesen & Thygeson*, for appellant.
*Palmer & Dickinson*, for respondent.

MITCHELL, J.[2] The question presented by this appeal is how far and as to what matters the judgment in a former action between the same parties operates as an estoppel in the present action.

The general rules on the subject are well settled, at least in this court. Where the first suit was for the same cause of action, the

[1] Reported in 63 N. W. 1088.      [2] Buck, J., absent, took no part.

judgment, if rendered upon the merits, constitutes an absolute bar to the second suit, and is conclusive between the parties and their privies, not only as to every matter which was offered or received to sustain or defeat the claim or demand in controversy, but also as to any other admissible matter which might have been offered for that purpose. But where the second action between the same parties is upon a different cause of action the operation of the judgment in the first action as an estoppel is limited to those issues of fact actually litigated, and upon the determination of which the finding or verdict was rendered. Adams v. Adams, 25 Minn. 72. In the books, the first is technically termed "estoppel by former judgment," and the latter "estoppel by former verdict." Estoppel by former verdict extends only to the facts in issue and determined, and does not estop the parties from disputing the doctrines of law applied to the facts in the first suit.

In the first suit plaintiff alleged the execution by him of a lease of certain premises to one Burke, for a term commencing September 1, 1889, and ending November 15, 1891; the assignment of the lease by Burke to the defendant, and the entry upon and occupancy of the premises by the defendant, under this assignment, for the remainder of the term; the execution of another lease of the same premises by him to defendant for the term of one year from and after November 15, 1891, containing the covenant that if the premises were not leased or sold within the year the lease should be continued for a second year on the same terms; that the defendant continued in possession of the premises until November 15, 1892; that at the expiration of said first year, no part of the premises having been sold or leased, the plaintiff "renewed" the lease for the additional year, and notified the defendant of the fact, but that it refused to accept such continuance or renewal, and "notified plaintiff that it would not continue to renew the lease," and vacated the premises November 15, 1892, without his consent. Plaintiff further alleged that after the execution of this lease the defendant surreptitiously and fraudulently inserted in it a clause "providing on its face that the continuance or renewal in any event should be optional with defendant." He also alleged a default by defendant in the payment of the rent for the first three months of the second year. The relief prayed for was that he have judgment that the clause inserted in the lease by defendant is no

part thereof, and of no effect, and for the amount of rent due for the three months.   The court found, in substance, that all the allegations of the complaint were true, and the plaintiff was entitled to judgment striking from the lease the clause inserted therein by defendant, and that the lease so reformed be declared the contract of the parties, and for the amount of rent claimed to be due.   Upon these findings. judgment was entered in favor of plaintiff, and against the defendant, in form, merely, for the amount of the rent.

In the present action, the plaintiff declares on the lease from him to defendant as reformed, and asks judgment for the rent of the premises for the remaining nine months of the second year.   It should be stated that the rent was the same under the Burke lease as under the lease from plaintiff to defendant, viz. $55 per month. Upon the trial the judgment roll in the first action was admitted in evidence, under defendant's objection and exception.   The objections urged against its reception in evidence are—First, that it was not pleaded as an estoppel; second, that no judgment had ever been entered reforming the lease as ordered; and, third, that the judgment might have been either upon the ground of the existence of the lease from plaintiff to defendant, declared on, or upon the ground that, although no such lease was ever executed, the defendant had held over under the Burke lease, and thereby became liable for rent as tenant from year to year; and therefore, if the plaintiff desired to avail himself of the judgment as conclusive evidence of the existence and terms of a lease by him to defendant, it was incumbent on him to first show that the judgment went upon that fact.

In urging the first objection, counsel has failed to distinguish between estoppel by former judgment and estoppel by former verdict. A former judgment on the same cause of action, being a complete bar to a second action, must always be pleaded by way of defense.   Bowe v. Minnesota Milk Co., 44 Minn. 460, 47 N. W. 151.   But a former judgment is no bar to a second suit upon a different cause of action. It merely operates as conclusive evidence of the facts actually litigated in the first action, and upon the determination of which the finding or verdict therein was rendered, and need not be pleaded any more than any other evidence.   In such a case it is proper for a party to plead his cause of action or defense in the ordinary form, leaving the judgment to be used in evidence to establish his general

right.   There is nothing in the second objection.   The lease, strictly speaking, required no reformation.   The clause inserted by defendant was a mere unauthorized interpolation or spoliation, and never was any part of the contract.   A judgment for the rent necessarily implied an adjudication to that effect, because upon no other ground could there have been a recovery for rent, under the lease, for defendant had not held over, or continued in possession, after the end of the first year.

The third objection is also untenable.   The finding of the execution of a lease by plaintiff to defendant is utterly inconsistent with the theory that defendant was holding over as tenant from year to year after the expiration of the Burke lease.

But there is a reason why the judgment appealed from must be reversed.   The words of demise in the lease are as follows:   "To have and to hold the above rented premises to the said party of the second part, its successors and assigns, for and during the full term of one year from and after November 15, 1891.   If" the leased premises [describing them] "are not sold or leased at the expiration of this lease, then said second party [the defendant] is to have this said lease renewed for a term of one year more, at its expiration, on the same terms."   As counsel for defendant has not claimed to the contrary, we have assumed that this covenant for a renewal of the lease was mutual; that is, that from the covenant of plaintiff to renew there was implied a correlative covenant on part of the defendant to take a renewal.   See Bruce v. Fulton Bank, 79 N. Y. 154.

We are clear that this was merely an agreement to renew, and not a present demise, for another year.   The evident intention of the parties, as disclosed by their language, was that if the contingency named did not occur a new lease was to be executed for a second year.   In short, it was merely an executory covenant for a lease, and not an executed covenant passing a present interest.   The defendant never accepted a renewal of the lease, but refused to do so, and vacated the premises at the expiration of the year.   Upon this state of facts, plaintiff could not maintain an action for rent unless by virtue of the operation of the former judgment as an estoppel.   His only remedy would be either an action to enforce specific performance of the covenant by compelling the defendant to accept a renewal or an action on the covenant for damages for its breach.   The judg-

ment in the first action was undoubtedly rendered upon the theory that the contract constituted an executed lease for a second year. But this was merely the court's view of the legal effect of the contract; in other words, the doctrine of law which the court applied to the facts. The correctness of this doctrine the defendant is not estopped from disputing in a second suit upon another cause of action.

For this reason the judgment is reversed.