NILS J. VELINE v. ANDREW DAHLQUIST.[1]

February 6, 1896.

Nos. 9808—(314).

**Res Judicata.**

A former judgment against the defendant and in favor of the plaintiff considered, and *held* to be a bar to this action.

Appeal by plaintiff from an order of the district court for Ramsey county, Willis, J., denying a motion for a new trial. Affirmed.

*Humphrey Barton*, for appellant.

*John H. Ives*, for respondent.

START, C. J. On February 16, 1894, the parties hereto entered into a written contract whereby the defendant agreed to sell and convey to the plaintiff, upon the performance by him of the conditions of the contract on his part, the following described personal property: "All the wooden furniture, mirrors, bedclothes, linen, chamber furniture, all kitchen furniture, dishes, silverware, stoves, everything except furniture and other articles now in the two private rooms of the said party of the first part, and according to inventory list hereto attached, all now being in the building numbered 387 Sibley street, St. Paul, Minn.; also, the bar fixtures, wooden fixtures, safe, cash register, etc., according to inventory list hereto attached, all now being in the one-story brick building numbered 385 Sibley street, St. Paul, Minn.; also, liquors, cigars, coal, wood, eatables, etc., to the wholesale value of seven hundred fifty dollars, now stored at the above-mentioned places."

In April, 1894, the plaintiff brought an action against the defendant for the recovery of the possession of all of the above-described personal property, or for its value in case a delivery thereof could not be had, and in his complaint alleged that he was and ever since March 21, 1894, had been the owner and entitled to the immediate possession of all of the personal property, describing it as set forth in the contract, and that the value of the "liquors, cigars, coal, wood, and eatables" was the sum of $750, and that the balance of such

[1] Reported in 66 N. W. 141.

property was of the value of $1,000. The complaint further alleged that the plaintiff became the owner of the property by virtue of such contract, a copy of which, marked "Exhibit A," was made a part of the complaint, and that he performed all the conditions thereof on his part on March 21, 1894, and thereby became the owner of all the personal property in the contract mentioned, and then in the possession of the defendant; that he demanded all of the property from the defendant, which was refused. Attached to the complaint was an itemized list of a part of such property, marked "Exhibit B." The "liquors, cigars, coal, wood, and eatables" were not described in such list; but the complaint alleged that the exhibit did not itemize all of the articles of personal property, and did not contain all of the same, for the reason that the plaintiff was unable to more particularly describe the property.

The complaint also alleged that the plaintiff had been damaged by reason of the refusal of the defendant to turn over to him the personal property in the sum of $500, and concluded with a prayer for judgment, in these words: "Plaintiff demands judgment for the immediate possession of said property, and all of the same, and that, in case the same cannot be delivered to this plaintiff, that then this plaintiff have judgment against the defendant for the value of said property, or, in case of delivering of part only, then plaintiff have judgment for the value of the part so not delivered; that plaintiff also have judgment against the defendant for the sum of five hundred dollars damages, in addition to the value of said personal property, if the same is not turned over to plaintiff; that plaintiff have such other and further relief as to the court shall seem just and equitable, and for his costs and disbursements herein."

The answer of the defendant to this complaint admitted that he signed the contract, a copy of which was attached to the complaint, but alleged that he was induced to do so by the fraud of the plaintiff. It also admitted the demand for the property, and put in issue the other allegations of the complaint. Upon a trial of the issues thus formed, the plaintiff, on June 1, 1894, obtained a verdict to the effect that he was the owner and entitled to the possession of all the property described in List B, attached to the complaint, and that the value thereof was $1,000. Judgment was entered upon this verdict, in favor of the plaintiff, September 11, 1894.

On August 16, 1894, the plaintiff commenced the present action, and alleged in his complaint that the parties entered into a contract for the exchange of certain property. A true copy of this contract, marked "Exhibit A," is made a part of the complaint, and is the identical contract, a copy of which was made a part of the complaint in the former action. The complaint also alleges that the plaintiff has performed all of the conditions of the contract on his part, but that the defendant refused to set apart for and deliver to the plaintiff the "liquors, cigars, coal, wood, and eatables" described in the contract; that he has demanded the same of the defendant, who has refused to deliver them, or any part thereof, to the plaintiff. It further alleges the value of the property, the plaintiff's damages in the premises, and demands judgment accordingly. The defendant, by his original and supplemental answers, alleged that the cause of action alleged in the complaint in this case is a part of the cause of action in the former suit, and set up the former action and judgment as a bar to this action.

Upon the trial it was admitted that the contract referred to in the pleadings in this case is the same contract referred to in the pleadings in the former action, and that before the commencement of the first action a demand was made for each and all of the property, and at one time and place, and there was a general refusal to give any or all. The judgment in the former action was admitted, and the defendant gave in evidence the judgment roll therein, including the complaint, answer, reply, verdict, and judgment; also, a satisfaction of the judgment. Other than this, neither party gave any evidence as to what was actually litigated in the former action. The trial court found the allegations of the original and supplemental answers to be true, and ordered judgment for the defendant on the merits. From an order denying his motion for a new trial, the plaintiff appealed.

A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated therein. Bazille v. Murray, 40 Minn. 48, 41 N. W. 238; Swank v. St. Paul C. R. Co., 61 Minn. 423, 63 N. W. 1088. Thus, a former judgment in replevin is a bar to an action in trover for the same property, and

conversely. Hardin v. Palmerlee, 28 Minn. 450, 10 N. W. 773; Hatch v. Coddington, 32 Minn. 92, 19 N. W. 393.

That the claim of the plaintiff in this action for damages because the defendant did not set apart for and deliver to him the "liquors, cigars, coal, wood, and eatables" described in the contract of the parties, was included in, and was a part of, his claim in the original action, is perfectly patent upon a comparison of the complaints in the two actions. The contract upon which the plaintiff's claim in both cases rests is the same. There was but one demand and refusal for the entire property described in the contract, and in the first action the plaintiff claimed to recover possession of the entire property, or its value, and his damages by reason of the defendant's breach of his contract. There was no objection in the first case that there was any misjoinder of causes of action, but an answer to the merits was served. There is nothing upon the face of the record in the former action to show that the plaintiff's entire cause or causes of action growing out of the contract were not litigated. It is true that the jury did not give the plaintiff a verdict for all that he claimed in his complaint, but this does not change the issues in the former case, or prove that the plaintiff's claim in that action for the "liquors, cigars, coal, wood, and eatables," or their value, or his damages for the defendant's refusal to deliver them to him, was not, or might not have been, litigated therein.

The plaintiff asserts in his brief that the court in the first action held that the plaintiff could not recover for the items of property involved in this action, but there is no evidence in this case that such was the fact, or that the claim was not submitted to the jury. The trial court in this case correctly held, upon the record herein, that the judgment in the former action was a bar.

Order affirmed.