## SUSANNA HARBEK v. CARPENTER-ROBINSON COMPANY.[1]

November 14, 1913.

Nos. 18,465—(129).

**Action to recover partial payment — estoppel.**

> A defendant, who omits to plead and prove a partial payment of an account when sued, is concluded by the judgment and cannot thereafter maintain an action to recover such payment. The exceptions to this rule are not here important, for no attempt was made to bring this case within any exceptions.

Action in the municipal court of St. Paul to recover $45 which plaintiff had paid to defendant without receiving credit therefor. The answer alleged that the defendant in this action recovered judgment in the same court against plaintiff in this action in June, 1910, for the sum of $94.05, and that the facts set up in the complaint in this action were involved in the issues between the parties in the former action and were duly adjudicated. The case was tried before Finehout, J., who denied defendant's motion for a directed verdict and a jury which returned a verdict of $51.32 in favor of

[1] Reported in 143 N. Y. 916.

plaintiff. From the judgment entered pursuant to the verdict, defendant appealed. Reversed.

*Durment, Moore & Oppenheimer,* for appellant.

*R. A. Walsh,* for respondent.

HOLT, J.

The defendant, a corporation, sold plaintiff goods from May, 1908, up until December 4, 1909. Bills were rendered at frequent intervals, and payments were made thereon at various times and in small amounts. Finally defendant brought an action in the municipal court of St. Paul on the account, setting up certain payments, and demanding judgment for the balance. Plaintiff herein answered, demanded and obtained a full bill of particulars which, in addition to itemizing the goods sold, set out the date and amount of each payment made by her. Thereafter her attorney stipulated for an entry of judgment in favor of this defendant for the amount claimed. Judgment was entered and execution issued, whereupon this plaintiff applied to one of the judges of said court to open the judgment and permit her to prove that three other payments, aggregating $45, had been made upon the account. The application was heard and denied on the merits. The judgment was paid. Now this action is brought to recover of defendant, the plaintiff in the former action, said $45 as for money had and received, or for money which it failed to credit to plaintiff's account, as alleged in the complaint. At the trial defendant moved for a directed verdict. Plaintiff recovered, and thereafter defendant moved for judgment notwithstanding the verdict. The motion was denied, and this appeal is from the judgment.

Appellant pleaded and relied on the former adjudication in bar. No other question need be considered. The facts above stated appeared without dispute from the pleadings and the proof. There was no claim of fraud, deception, or mutual mistake. Whatever payments were made by respondent were made on the account upon which appellant brought the former suit. Even if it were conceded, which we do not, that respondent would not be precluded from questioning the correctness of that account after payment of the

judgment she stipulated to have entered in the suit, she certainly was concluded from again asserting the claim she now makes after her application to open the judgment and permit the litigation of these alleged additional payments had been denied, and the judgment paid. If actions like the present would lie, there would be no security in adjudications. All matters between these two parties related to an open account for goods sold and payments made thereon. In a suit for the goods so sold the payments made therefor constitute proper credits or offsets which must be set up in defense. In Thompson v. Myrick, 24 Minn. 4, this rule, stated in Harris v. Harris, 36 Barb. 88, is approved: "Such judgment or adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected with the subject matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and of defense." We think the law well stated in 23 Cyc. 1199, in these words: "A defendant who omits to plead and prove a partial payment on the debt in suit is concluded by the judgment and cannot afterwards maintain a suit to recover back such payment, the only exception to this rule being in cases where he was prevented from setting up payment by fraud, accident, or surprise, without fault on his own part." A number of authorities are cited which fully sustain the text. Among these the following are directly in point: Callahan v. Murrel, 45 S. W. 67, 20 Ky. L. Rep. 28; Fuller v. Shattuck, 13 Gray, 70, 74 Am. Dec. 622; Loring v. Mansfield, 17 Mass. 394; McMurtie v. Keenan, 109 Mass. 185; Greenabaum v. Elliott, 60 Mo. 25; Binck v. Wood, 43 Barb. 315; Swensen v. Cresop, 28 Oh. St. 668, and Corey v. Gale, 13 Vt. 639. Whatever redress respondent had because of payments made and not credited on the account she was compelled to seek in the action brought on the account. She has not attempted to bring herself within any of the exceptions to the rule.

The judgment must be reversed and the trial court is directed to render judgment in favor of defendant, the appellant herein.