## CARLOS J. KINZEL v. BOSTON & DULUTH FARM LAND COMPANY.[1]

January 30, 1914.

Nos. 18,318—(208).

**Action for value of services — pleading and proof.**

1. Where a complaint, in an action for compensation for services rendered, alleges the reasonable value thereof, and also that defendant agreed to pay a certain sum therefor, and there is no election at the trial upon which theory, *quantum meruit* or express contract, plaintiff will proceed with the trial and both issues are retained in the case, plaintiff is at liberty to prove either the agreed or reasonable value, and recover a verdict accordingly.

**Judgment bar to second action.**

2. Where, in such a case, a general verdict is returned for defendant, a judgment rendered thereon is *res judicata*, and constitutes a complete bar to a subsequent action for the reasonable value of the services, even though no evidence thereof was presented on the trial of the first action.

**Former judgment concludes the parties.**

3. The rule applicable to the situation is that the former judgment concludes the parties as to all issues that were or could have been litigated therein.

**Same — case distinguished.**

4. The primary question of plaintiff's employment was necessarily litigated in the former action, for it was expressly in issue therein, and for this reason Rossman v. Tilleny, 80 Minn. 160, is distinguishable.

[1] Reported in 145 N. W. 124.

Action in the district court for St. Louis county to recover $5,000 for services as a real estate broker rendered defendant in making a sale of land. The answer alleged as a bar to the action a former action between the same parties upon the identical cause of action. The case was tried before Dibell, J., who granted defendant's motion for judgment on the pleadings. From an order denying plaintiff's motion for a new trial, Fesler, J., he appealed. Affirmed.

*J. W. Reynolds,* for appellant.

*Washburn, Bailey & Mitchell,* for respondent.

BROWN, C. J.

Plaintiff brought this action to recover the reasonable value of services rendered by him as agent of defendant in procuring a purchaser for land owned by defendant, and which plaintiff was authorized by his employment to sell. The court ordered judgment for defendant on the pleadings and plaintiff appealed from an order denying a new trial.

The only question presented on this appeal is whether the action is barred by a judgment in a former suit between the same parties, the facts in respect to which are as follows:

In the former action, concerning which there is no controversy, the complaint alleged the performance of the services, "at the special instance and request of the defendant," the same being identical with the services for which recovery is here sought, and that they were of "the fair, reasonable and agreed value of $5,952.10." Defendant's answer was a general denial, and upon the issues thus framed the cause was brought to trial. At the opening of the trial counsel for defendant moved the court for an order requiring plaintiff to elect whether "he will proceed upon *quantum meruit,* or upon contract, and that he be required to amend his complaint accordingly." The motion was denied, and defendant excepted to the ruling. Counsel for defendant then requested counsel for plaintiff "to state upon what theory he is proposing to proceed, whether upon *quantum meruit,* or upon an express contract." Counsel replied that he had no statement to make, that the cause of action was stated in the complaint, as the "fair, reasonable and agreed value," and upon those

124 M.—27.

allegations he relied.   Counsel for defendant then moved the court that plaintiff be required to proceed upon the theory of an express contract, and, upon the motion being denied, moved that plaintiff be required to proceed upon the implied contract, which motion the court also denied.   The cause then proceeded to trial and from the charge of the court to the jury, which is incorporated in this record, it appears that the evidence offered by plaintiff tended to show an express contract by which he was employed or authorized to effect a sale of the land, or procure a purchaser therefor, and that he was to receive a stated compensation for his services.   The evidence offered by defendant directly contradicted that of plaintiff and tended to show that there was no contract relation between plaintiff and defendant at all, in respect to the land in question, and that defendant neither employed nor authorized plaintiff to sell the land or to procure a purchaser therefor.   The jury returned a general verdict for defendant, upon which judgment was subsequently rendered to the effect that plaintiff take nothing by the action.   Thereafter, through a new counsel, one not engaged in the former action, plaintiff brought this action to recover the reasonable value of his services, alleging, as in the former action, that at the "special instance and request of the defendant" he performed certain services in and about the sale of land, of the reasonable value of $5,000.

There is some confusion in the authorities upon the subject of *res judicata,* and in respect to when and under what circumstances a judgment in an action becomes final and conclusive upon the parties in subsequent litigation.   In some of the states it is held, where either the rule estoppel by judgment or estoppel by verdict is invoked, that the party invoking it must affirmatively show that the precise issue or question was actually litigated and decided in the former suit. This is particularly true where the pleadings tender several issues, and the courts referred to hold that a judgment in such a case, under a general verdict, does not necessarily conclude a subsequent action involving any of the issues so presented.   1 Van Fleet, Former Adjudication, 618.   While other courts hold to the rule that, prima facie, the parties are concluded upon all the issues so presented. Rhoads v. City of Metropolis, 144 Ill. 580, 33 N. E. 1092, 36 Am.

St. 468; Sheldon v. Edwards, 35 N. Y. 279. Yet the presumption is not conclusive. Bottorff v. Wise, 53 Ind. 32; Hahn v. Miller, 68 Iowa, 745, 28 N. W. 51. But whatever may be the trend of the authorities elsewhere, the rule is well settled in this state, and under our decisions all issues which were in fact or which were necessarily involved and could have been litigated are concluded by the former suit. The rule is clearly expressed by Chief Justice Start, in Veline v. Dahlquist, 64 Minn. 119, 66 N. W. 141, in the following language: "A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated therein." The rule thus stated was followed and applied in White v. Hewitt, 119 Minn. 340, 138 N. W. 421, where a former judgment was held res judicata though the issue presented was not actually litigated in the former suit. See also O'Brien v. Manwaring, 79 Minn. 86, 81 N. W. 746, 79 Am. St. 426; Prendergast v. Searle, 81 Minn. 291, 84 N. W. 107. The rule stated may be subject to some exceptions, as for instance it might be shown that a particular issue or question was not in fact litigated by reason of its express withdrawal before the trial or final submission of the case (Estes v. Farnham, 11 Minn. 312 [423]), or, in a case involving several causes of action, that one of them was dismissed or expressly abandoned before trial. In this case the complaint stated two causes of action, at least presented two separate grounds for the measurement of plaintiff's recovery, namely, quantum meruit, and the alleged agreed compensation. Plaintiff insisted at the trial that neither issue be eliminated, and the court sustained him, holding that plaintiff need not elect upon which theory of the case he would proceed to trial. In this situation, within the rule stated in the Veline and White cases, it is immaterial that the issue of reasonable value was not in fact litigated. It could have been litigated, was not withdrawn or expressly abandoned, on the contrary was retained as an issue in the case upon the insistence of plaintiff. The two causes of action were not inconsistent and were properly joined in the complaint, though correct practice required their separate statement. And, though mingled in one statement, it was within

the discretion of the court to order an election at the trial. Plummer v. Mold, 22 Minn. 15; Wagner v. Nagel, 33 Minn. 348, 23 N. W. 308. No election having been ordered, plaintiff could have offered, in addition to showing the contract of employment, evidence of the agreed compensation or the value of the services rendered, and recovered upon either ground. Burbridge v. Kansas City Cable R. Co. 36 Mo. App. 669; Ware v. Reese, 59 Ga. 588. Plaintiff cannot avoid the effect of the estoppel by showing that no evidence was offered as to one of the issues thus presented, and which was retained in the case at his instance. Swank v. St. Paul City Ry. Co. 61 Minn. 423, 63 N. W. 1088; Slater v. Skirving, 51 Neb. 108, 70 N. W. 493, 66 Am. St. 444; Herman v. Allen, 103 Tex. 382, 128 S. W. 115. Many of the authorities cited by plaintiff in support of the present action are based upon the general rule that if a second suit be upon a different cause of action, a former judgment is not a bar though involving the same subject-matter. The proposition is elementary, but does not here apply, for the reason that the identical cause of action here sought to be prosecuted to judgment was pleaded and was an issue in the former action, and since it was not there expressly abandoned, the judgment therein rendered is conclusive. And, moreover, the primary issue in the former, as well as in the present action, was whether any contract relations ever existed between these parties in respect to a sale of the land; in other words, whether plaintiff, "at the special instance and request of the defendant," made a sale of the land. This allegation of the complaint in the former action was expressly denied and put in issue. It was necessarily litigated on that trial, for it lay at the threshold of plaintiff's case. The same issue is presented in the second action, and it might well be contended that as to that issue the doctrine of estoppel by verdict applies, including the second litigation thereof. Toomy v. Hale, 100 Cal. 172, 34 Pac. 644. For this reason the case of Rossman v. Tilleny, 80 Minn. 160, 83 N. W. 42, 81 Am. St. 247, is not in point. There was no issue in that case as to the existence of a contract of employment, and the sole question was whether plaintiff had performed the contract and was entitled to an agreed compensation or the value of his work.

Order affirmed.