### EDWARD OLSON v. R. E. SHEPHARD AND OTHERS.[1]

July 22, 1927.

No. 26,170.

**Second action to rescind exchange of property barred by adverse decision on the merits in former action.**

　　1. A judgment on the merits in favor of the defendants in a suit to rescind a contract for the exchange of a mortgage for a farm, on the ground that plaintiff was induced to enter into the contract by the false and fraudulent representations of the defendants respecting the boundary lines of the farm, is a bar to a second suit to obtain a rescission of the contract on the ground that plaintiff mistakenly believed that the farm lay in the form of a rectangle and would not have made the exchange had he known how the land lay.

[1]Reported in 215 N. W. 211.

**Test for determining whether second suit is barred by judgment on the merits.**

2. The final test by which to determine whether a judgment on the merits is a bar to a second suit between the same parties is the identity or·dissimilarity of the causes of action involved in the two suits regardless of the number and variety of the facts alleged in the pleadings.

Judgments, 34 C. J. p. 750 n. 24; p. 802 n. 6; p. 805 n. 7, 8; p. 808 n. 35; p. 811 n. 47.

Action in the district court for Fillmore county for rescission of a contract. Plaintiff appealed from an order, Peterson, J., sustaining a demurrer to the complaint. Affirmed.

*Meighen, Knudson & Sturtz,* for appellant.

*S. C. Pattridge,* for respondents.

LEES, C.

This is an appeal from an order sustaining a general demurrer to the complaint. A case between the same parties, involving the same subject matter, was here before and is reported in 165 Minn. 433, 206 N. W. 711, where many of the facts now pleaded are stated. Additional facts pleaded are that, in making the exchange of plaintiff's mortgage for defendants' farm, the parties did not have the same subject matter in mind and did not come to an agreement respecting the same thing; that plaintiff mistakenly believed that the farm lay in the form of a rectangle, and would not have made the exchange had he known how the land lay; that plaintiff discovered his mistake in the fall of 1923 before the parties had changed their situation in any way, whereupon he offered to reconvey the farm to defendants in return for a reassignment of the mortgage, but defendants refused to rescind; that plaintiff has been and is ready, willing and able to reconvey to defendants, has never taken possession of the farm or used it in any way and has not received any of the rents or profits. The commencement of the former action is then alleged, followed by this allegation:

"That said action was expressly limited to the ground of fraud and that it was adjudicated in said action that the defendants R. E.

Shephard and Madeline Shephard were not guilty of fraud in said exchange."

The only question we need consider is whether the former adjudication is a complete bar to the maintenance of the present action.

This court has repeatedly discussed the doctrine of estoppel by judgment. Its opinions have not always been entirely consistent in their definition of the doctrine. But it has always been held that a final judgment on the merits is an absolute bar to another action between the same parties on the same cause of action. Thus in Thompson v. Myrick, 24 Minn. 4, 11, 12, it was said that:

"Where the cause of action is entire and indivisible, the judgment determines all the right of the parties upon it, although it may be but partially presented to the court. * * *

"If, then, the cause of action upon which this action is brought, is the same as that upon which the first action was brought—if this action presents no new cause of action, but only new grounds for relief upon the same cause of action—the judgment is a bar."

This doctrine has never been departed from, but it has been restated in different phraseology from time to time. The most recent utterances of this court will be found in Driscoll v. Board of Co. Commrs. 161 Minn. 494, 201 N. W. 945; Maguire v. Maguire, 171 Minn. 492, 214 N. W. 666; and Reichert v. Pure Oil Co. supra, p. 8.

In West v. Hennessey, 58 Minn. 133, 136, 59 N. W. 984, 985, it was said that

"The best and most accurate test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the former and the present action. * * * It is not an uncommon occurrence that a party, under a mistake of law or fact, attempts to recover by alleging a certain state of facts as his cause of action, and is defeated; but this is no bar to his recovery on another statement of facts, *constituting a different cause of action,* although the transaction referred to and the relief sought in both actions are the same."

This test has frequently been referred to with approval, but sometimes the court has failed to emphasize the statement in the quotation which we have italicized. It must always be kept in mind that the ultimate question is this: Is the cause of action pleaded in the second suit the identical cause of action which the plaintiff attempted to enforce in the first suit and was the judgment in the first suit one upon the merits?

In Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. ed. 701, it was said:

"The effect of a judgment or decree as res judicata depends upon whether the second action or suit is upon the same or a different cause of action. *If upon the same cause of action,* the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit between the same parties or those in privity with them, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented."

In that case, in the first action plaintiff sought to recover damages for personal injuries suffered by reason of the negligent failure of the defendant to provide a safe place to work and safe appliances with which to work. The judgment denied a recovery. In the second action, the complaint alleged negligence on the part of the defendant and its officers and employes in the control and operation of the appliances. The judgment in the first action was pleaded as a bar to the second. In sustaining the plea the court said that the plaintiff suffered but one actionable wrong and was entitled to but one recovery whether his injury was due to one or the other of several distinct acts of negligence, or to a combination of some or all of them, for, in either view, there would be but a single wrongful invasion of a single primary right of the plaintiff. Continuing, the court said:

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action

so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. * * * They do not constitute the cause of action, but they show its existence by making the wrong appear. 'The *thing, therefore, which in contemplation of law as its cause,* becomes a ground for action, is not the group of *facts* alleged * * * *but the result of these in a legal wrong, the existence of which, if true, they conclusively evince.'* "

The cause of action plaintiff sought to enforce in the first suit and seeks to enforce in the second is the same, namely, one for rescission of the contract of exchange. In the first suit he asserted that he had a right to a rescission because defendants' misrepresentations had induced him to make the exchange, and, in the second, because he was mistaken as to the boundary lines of the farm. Whether he attempts to rescind for fraud or for mistake, or for both, the cause of action is one and indivisible.

For the sake of argument, we will assume that the present complaint states facts sufficient to entitle plaintiff to a rescission for his mistake alone and that it does not state facts showing laches on his part. Nevertheless we think the demurrer was properly sustained because it appears upon the face of the complaint that plaintiff is estopped by the judgment rendered in the first suit from further prosecuting a suit for the rescission of the contract.

At this point it should be said that, in addition to alleging his mistake, plaintiff charges that defendants had knowledge of the fact that he was laboring under a mistake and inequitably and wrongfully took advantage of his mistake. It thus appears that plaintiff is again charging defendants with a species of fraud, and, under the rule of C. H. Young Co. v. Springer, 113 Minn. 382, 129 N. W. 773, and King v. Int. Lbr. Co. 156 Minn. 494, 195 N. W. 450, is seeking to avoid the contract because his mistake was wrongfully taken advantage of by defendants.

We can see no escape from the conclusion that a single indivisible cause of action, which was presented to the court in the first suit, is again presented, and that, under all the authorities, the judg-

ment on the merits in the first suit is a complete bar to the prosecution of the second.

Order affirmed.