STELLA M. DART v. LUCILLE McGRAW.[1]

January 27, 1939.

No. 31,966.

*Raymond H. Dart,* for appellant.
*F. P. Ryan,* for respondent.

PETERSON, JUSTICE.

Plaintiff appeals from a judgment of dismissal entered pursuant to an order granting defendant's motion to strike the reply as sham

[1]Reported in 283 N. W. 538.

and frivolous and for judgment on the pleadings. The complaint alleges that defendant is indebted to plaintiff in the sum of $210, the balance due for the use and occupation of certain real property in Litchfield of which plaintiff is the record owner in fee. The answer consists of two paragraphs, the first a general denial, and the second as follows:

"Defendant alleges that the subject matter alleged in the complaint herein was fully adjudicated in the case of Raymond H. Dart against this defendant in the district court of Meeker County, Twelfth Judicial District, which said adjudication is on file and of record therein, and that plaintiff is estopped and barred by the above judgment."

The reply denies the allegations of the answer except so far as they admit the allegations of the complaint.

Defendant, in support of her motion to strike, by affidavit and copy of the judgment roll showed that Raymond H. Dart some time prior to the commencement of this action recovered a judgment for the amount herein claimed, with his costs and disbursements, against her and two others for the use and occupation of lots 24 and 25 (the property is described here as lots 23 and 25), with his permission and as his tenants, and that the judgment was discharged in bankruptcy. No such claim was made with respect to the plaintiff's claim.

In the view we take it is not important whether the reply was stricken. The complaint and answer made issues of fact to be decided by trial and not by motion. There is no intimation that the complaint does not state a cause of action. The general denial certainly was not grounds for a dismissal. Defendant was not entitled to judgment on the answer unless the judgment in favor of Raymond H. Dart was a defense to plaintiff's action as a matter of law. The allegation simply is that a judgment was rendered in favor of Raymond H. Dart against defendant in which the subject matter alleged in the complaint was adjudicated. The answer contains no allegations to show what was adjudicated or that the judgment by its terms or otherwise was binding on plaintiff.

The sole question is whether the judgment in favor of Raymond H. Dart against the defendant and two others is *res judicata* as to plaintiff in this action. So far as appears she is a stranger to it. A judgment operates as an estoppel when it is between the same parties or their privies upon the same cause of action. One not a party, or in privity with a party, is not bound by a judgment. Whitcomb v. Hardy, 68 Minn. 265, 71 N. W. 263. If plaintiff and Raymond H. Dart were husband and wife as suggested by respondent but not alleged in the answer, that fact would not make the judgment *res judicata* as to plaintiff. Sundin v. County F. Ins. Co. 144 Minn. 100, 174 N. W. 729.

The judgment alleged in favor of Raymond H. Dart does not estop or bind the plaintiff. We do not deem it necessary to consider the omission of allegations showing what the judgment actually determined. It was error to order judgment in favor of defendant upon the pleadings.

Reversed.