### MELADY-BRIGGS CATTLE CORPORATION v. DROVERS STATE BANK OF SOUTH ST. PAUL.[1]

November 27, 1942.

No. 33,243.

[1]Reported in 6 N. W. (2d) 454.

*E. F. Matthews* and *E. C. Mattimore,* for appellant.
*Richard Converse* and *Warren Miller,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Plaintiff, a South Dakota corporation, sued defendant, a Minnesota bank, for money had and received. Defendant answered setting up a judgment in a former action between the parties as a bar. On the pleadings and an agreed statement of facts, the trial court ordered judgment for defendant, from which plaintiff appeals.

These facts appear from the pleadings and stipulation: At all times here important, S. J. Melady was president and sole managing officer of plaintiff. He and his wife, Isabelle Melady, owned 45 per cent of its capital stock; Harry Briggs, a resident of South Dakota, five per cent; and Charles H. Thornton of Fond du Lac, Wisconsin, secretary-treasurer of the corporation, the balance. Melady was also individually engaged in the cattle business in South St. Paul under the name of Melady Cattle Company.

On September 1, 1931, Melady borrowed $4,000 from defendant and executed to it a promissory note, due three months after date, and signed, "Melady Cattle Company by S. J. Melady." As a part of the transaction, he assigned to the bank as collateral security a note for $7,000 bearing the same date and due date, payable to the order of Melady-Briggs Cattle Corporation, and signed by Charles H. Thornton. The $4,000 note expressly provided that the Thornton note was to secure it and "extensions and renewals thereof," and any other indebtedness of Melady to the bank, and

that in default of any such obligations the bank might foreclose the security. Both notes were renewed from time to time. When Melady borrowed the $4,000 he was indebted to the bank on another note for $6,000, which was secured by a chattel mortgage on personal property located on Melady's farm in Wisconsin.

On May 1, 1932, Thornton paid $5,000 on his note. The bank applied $4,120.04 to the payment of Melady's note and interest, gave the balance of $879.96 to Melady, and returned to him the note, which was a renewal of his original $4,000 obligation. Melady thereupon demanded the return of the Thornton note, upon which there remained unpaid $2,000, but the bank refused, claiming the right to retain it as security for Melady's other indebtedness. In January 1933, Melady's $6,000 note being several months past due, the bank instituted suit on it and for foreclosure of the security. Melady-Briggs Cattle Corporation was made a defendant. Harry Briggs and Isabelle Melady were made additional defendants by court order after the corporation (plaintiff herein) had interposed an answer alleging that it was the owner of the Thornton note and entitled to possession thereof and that it had not authorized or consented to the assignment by Melady. It did not counterclaim for the amount previously paid to the bank by Thornton. Harry Briggs and Isabelle Melady interposed separate answers alleging in substance that S. J. Melady had no right to hypothecate the note. The bank by its replies to the several answers put in issue the question whether Melady had authority to pledge the Thornton note to secure his own debt.

On October 26, 1934, the district court of Ramsey county, pursuant to the motion of plaintiff's attorney in that action, made an order for entry of judgment against S. J. Melady in the sum of $4,204.25, that being the balance due upon his notes, including costs and disbursements of the suit. The court expressly reserved "for future determination the other issues of fact presented by the pleadings in this case." The only issue so reserved was the question of Melady's right to assign and hypothecate the Thornton note to the bank. The money judgment against Melady was paid in full out

of assets other than the Thornton note, which was thereafter returned to Melady.

The matter rested thus until June 11, 1936, when the attorneys for the respective parties executed and filed a stipulation of settlement and dismissal which reads:

"The above entitled matter having been duly compromised and settled, it is hereby stipulated and agreed by and between said parties, through their respective attorneys, that said action may be and hereby is dismissed with prejudice and without costs, and the clerk of said court is instructed to dismiss the same of record."

On November 2, 1940, judgment was entered on the stipulation as follows:

"Whereas a judgment was duly entered in the above entitled action against S. J. Melady on the 12th day of December, 1934 for $4,204.25 which judgment has been duly satisfied and whereas in his order of October 26, 1934, the Court had reserved certain issues for future determination and whereas plaintiff's attorneys had duly dismissed said action by dismissal reciting that said action had been fully compromised and settled filing said dismissal on the 11th day of June, 1936;

"Now, on motion of Richard Converse, said attorney, it is hereby adjudged that the plaintiff herein recover nothing further on its cause of action herein and that said action be and the same hereby is dismissed with prejudice and on the merits and without further costs to either party.

"Signed this 2nd day of November, 1940.

"N. C. Robinson, Clerk,

"By A. B. White,

"Deputy Clerk."

There has been no appeal from that judgment, and there is no claim that it was procured through fraud or mistake, that it does not conform to the stipulation of the parties, or that it was not properly entered.

The present action is to recover the $5,000 paid by Thornton to the bank and applied by it to Melady's indebtedness, including the amount turned over to Melady. In support of its contention that the judgment in the former action is a bar, defendant here in its supplemental answer alleged that in that action "Melady-Briggs Cattle Corporation [plaintiff here] duly answered therein and set forth among other things:

"This answering defendant admits that it is the owner of a certain promissory note made and executed by Charles H. Thornton to this answering defendant, which note was renewed on April 5, 1932, and which said note has a balance upon it of Two Thousand ($2,000.00) Dollars and interest; which said money was and still is due to this answering defendant, and that this answering defendant has never authorized or in any way consented to any hypothecation of said note as alleged in plaintiff's complaint herein, and that this answering defendant is the lawful owner and holder thereof and is entitled to the possession thereof which said possession is herein demanded."

Plaintiff's supplemental reply admits that the answer in the former action contains the foregoing allegations and admits that a judgment of dismissal was entered therein upon the stipulation of the parties. It denies that the judgment so entered is a bar to the present action.

The only question for determination is whether the trial court rightfully concluded that the judgment in the former action was an adjudication of the issue here involved which estopped plaintiff from maintaining this action.

There is some confusion in the cases as to when and under what circumstances a judgment in a former action becomes conclusive upon the parties in a subsequent suit. The rule is well settled, however, that a judgment on the merits constitutes an absolute bar to a second suit for the same cause of action and is conclusive between the parties and privies, not only as to every matter which was actually litigated but as to every matter which might have been litigated therein. Thompson v. Myrick, 24 Minn. 4; Bazille v.

Murray, 40 Minn. 48, 41 N. W. 238; Swank v. St. Paul City Ry. Co. 61 Minn. 423, 63 N. W. 1088; Veline v. Dahlquist, 64 Minn. 119, 66 N. W. 141; White v. Hewitt, 119 Minn. 340, 138 N. W. 421; Harbek v. Carpenter-Robinson Co. 123 Minn. 389, 143 N. W. 916; Kinzel v. Boston & Duluth F. L. Co. 124 Minn. 416, 145 N. W. 124; Eder v. Fink, 147 Minn. 438, 180 N. W. 542; Driscoll v. Board of Co. Commrs. 161 Minn. 494, 201 N. W. 945; Olson v. Shephard, 172 Minn. 290, 215 N. W. 211; Gustafson v. Gustafson, 178 Minn. 1, 226 N. W. 412. In commenting upon the rule just referred to, Mr. Justice Stone, speaking for this court in Gustafson v. Gustafson, *supra,* said (178 Minn. 5, 226 N. W. 413):

"That rule must be applied with accurate understanding of what is included in the phrase, 'every matter which might have been properly litigated' in the former action. It is of course inclusive of every element of the cause of action and defense. A negative judgment, one against the plaintiff, 'determines all the right of the parties upon it' although it was but partially presented. It bars 'new grounds for relief' upon the same cause of action which were not presented in the first case. Olson v. Shephard, 172 Minn. 290, 292, 215 N. W. 211. In the same fashion, an affirmative decree, establishing and merging the cause of action, is a negation of all purely defensive matter. Thompson v. Myrick, 24 Minn. 4. For example, a judgment for the creditor on a promissory note or other demand is conclusive against a claim of fraud, payment, or absence of consideration, which may be made subsequently by the debtor in a later action between the two even though not put in issue in the first case. But not so against any claim not asserted in the first action and which if interposed would have been not only a defense therein but also an independent cause of action in favor of the claimant."

A common test in determining whether a former judgment is a bar in a subsequent action is to inquire whether the same evidence will sustain both actions. West v. Hennessey, 58 Minn. 133, 59 N. W. 984; Olson v. Shephard, 172 Minn. 290, 215 N. W. 211, *supra;* Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600,

71 L. ed. 1069. We held in Prendergast v. Searle, 81 Minn. 291, 84 N. W. 107, that a judgment in a former action is final and conclusive between the same parties as to all questions or issues presented by the pleadings therein. In determining whether the former judgment was rendered on the merits, the record of the earlier action will be examined. Andrews v. School District No. 4, 35 Minn. 70, 27 N. W. 303; Przyblyski v. Pellowski, 141 Minn. 193, 169 N. W. 707; Fox v. Fox, 154 Minn. 169, 191 N. W. 420. In determining whether a given question was an issue in the prior trial, it is proper to look behind the judgment to ascertain whether the evidence necessary to sustain a judgment for a party in the second action would have authorized a judgment for him in the first action. Cameron v. C. M. & St. P. Ry. Co. 51 Minn. 153, 53 N. W. 199; Driscoll v. Bd. of Co. Commrs. 161 Minn. 494, 201 N. W. 945; Hoofnagle v. Alden, 170 Minn. 414, 213 N. W. 53; Gustafson v. Gustafson, 178 Minn. 1, 226 N. W. 412.

In the present case such examination shows conclusively that the issue here presented, that is, the right to possession of the Thornton note and Melady's authority to pledge it to the bank to secure his obligation, was in issue in the former action. With that issue before the court and undetermined, the parties, through their respective attorneys, stipulated that, the "matter having been duly compromised and settled," the action be dismissed "with prejudice and without costs," and the clerk of court was instructed to "dismiss the same of record." A judgment of dismissal on the merits was later entered by the clerk.

A judgment of dismissal ends the action, subject to the court's power to vacate for fraud or collusion, elements not here involved. McCune v. Eaton, 77 Minn. 404, 80 N. W. 355; National Power & Paper Co. v. Rossman, 122 Minn. 355, 142 N. W. 818, Ann. Cas. 1914D, 830; McElroy v. Board of Education, 184 Minn. 357, 238 N. W. 681. A dismissal on the merits differs from dismissals authorized by statute, in that the "latter conclude the action, only; whereas the former not only ends the action, but concludes also the cause of action, determining finally the whole controversy. It

is a final adjudication." Pioneer Land & Loan Co. v. Bernard, 156 Minn. 422, 423, 195 N. W. 140; McElroy v. Board of Education, *supra*.

Ross v. Amiret Farmers Elev. Co. 178 Minn. 93, 226 N. W. 417; Fox v. Fox, 154 Minn. 169, 191 N. W. 420; Turner v. Valley Nat. F. L. Assn. 182 Minn. 115, 233 N. W. 856; and Dart v. McGraw, 204 Minn. 363, 283 N. W. 538, relied upon by plaintiff, are not in conflict with the rule here applied. In each of these cases either the issues or the parties were not the same. They are all distinguishable from the instant case.

The judgment appealed from is affirmed.