## JOHN BOUCK v. J. SHERE.[1]

March 6, 1914.

Nos. 18,475—(261).

**Trial — two causes of action in complaint — election.**

    1. Complaint construed to present by proper allegations two separate causes of action, at least two theories upon which plaintiff might be entitled to relief, and since there was no election at the trial upon which theory plaintiff would proceed, he was entitled to recover upon either.

**Sale of partnership interest — verdict.**

    2. The evidence *held* to support the verdict finding a sale by plaintiff to defendant of his interest in the business of a copartnership in which they were the sole members, and defendant's agreement to pay plaintiff therefor the value thereof to be ascertained from an inventory of the firm assets.

Action in the district court for Hubbard county to recover $1,168.-13. The action was tried before Stanton, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Woolley & Woolley* and *P. V. Coppernoll,* for appellant.

*Thwing & Rossman* and *Wray & McCrady,* for respondents.

[1] Reported in 145 N. W. 808.

BROWN, C. J.

For some time prior to August, 1909, the parties to this action operated as copartners a hotel and saloon business at Marble, in Itasca county. When the copartnership was formed plaintiff contributed to the funds thereof the sum of $1,118.77, defendant contributed the sum of $1,574.11, and they shared in the profits of the business in proportion to the investment of each. It is claimed by plaintiff that in August of the year stated the copartnership was by mutual consent dissolved, defendant buying the interest of plaintiff, and agreeing to pay therefor the inventory value of plaintiff's interest; that pursuant to this agreement of dissolution and purchase an inventory of firm assets was taken, participated in by plaintiff and two representatives of defendant, who were his employees; that the value of plaintiff's interest as disclosed by the inventory, including an unpaid balance due from the firm to plaintiff for services as manager of the business, was the sum of $1,638.59, which, the complaint alleges defendant agreed to pay to plaintiff; and that no part thereof has ever been paid except the amount credited in the complaint. Plaintiff brought this action to recover the amount so claimed to be due him, the complaint alleging in addition to the facts stated, that an "account was stated between" the parties and thereby the amount claimed in the complaint was fixed and agreed upon as the amount due plaintiff. Defendant answered, admitting the copartnership, and denying the dissolution thereof by the mutual consent of the parties or otherwise, and alleging that the partnership business was sold to third persons, and that no settlement of the partnership matters has ever been had between plaintiff and defendant; and denying also that defendant ever agreed to purchase plaintiff's interest in the business of the firm. Plaintiff had a verdict in the court below and defendant appealed from an order denying his alternative motion for judgment or a new trial.

Two questions are presented by the assignments of error: (1) Whether the action is predicated upon an account stated, or upon a contract of sale of plaintiff's interest in the firm and defendant's promise and agreement to pay therefor the inventory value thereof; and (2) whether the verdict is sustained by the evidence.

1. The contention of defendant that the action was, by the allega-tions of the complaint, predicated solely upon the alleged account stated is not sustained. The complaint distinctly alleges that the. copartnership was dissolved by the mutual consent of the parties, that plaintiff sold and transferred all his interest in the firm business and the assets thereof to defendant, and that defendant promised and agreed to pay therefor the amount contributed by plaintiff, and the net value of the assets, over and above the firm indebtedness, in proportion to plaintiff's interest in the firm. The complaint further alleges the amount contributed by him, and also the value of plain-tiff's interest in the assets, over and above the firm debts. These allegations are found in paragraphs 1 and 2 of the complaint, and sufficiently stated a cause of action upon defendant's promise and agreement to pay plaintiff, for his interest in the business and assets, an amount to be ascertained in the manner stated. In paragraph 4 it is alleged that at the time of the dissolution of the firm an in-ventory of the firm assets was taken, a list and schedule of all bills payable and receivable, a complete statement of its affairs made, all with the assent and agreement of the parties, and, further, that "thereon an account was stated by and between [the parties] and the sum of "$1,638.59" was found and agreed to be due from de-fendant to plaintiff."

It thus appears that two causes of action were stated in the com-plaint, at least two grounds upon either of which plaintiff was en-titled to recover: (1) Upon the promise of defendant to pay to plaintiff the value of his interest in the firm, made at the time of the agreement for dissolution; and (2) upon the alleged account stated. The contention therefore that the account stated was made the sole ground of recovery is not sound. There was no election at the trial upon which theory of the case, as made by the complaint, plaintiff would rely, no motion was made to require him to so elect, and he was entitled to prove either state of facts and recover accord-ingly. Kinzel v. Boston & Duluth Farm Land Co. 124 Minn. 416, 145 N. W. 124. The trial court submitted the case to the jury upon the first theory, namely, upon the question whether defendant at the time of the dissolution of the copartnership agreed to pay plain-

tiff for his interest in the firm the value thereof to be ascertained by an inventory of the assets, ignoring the contention of defendant that an account stated was the basis of the complaint. No exception was taken to the charge, and the verdict was for plaintiff. The instructions of the court were correct, and the account-stated theory of the complaint was thus wholly eliminated from the case.

2. The further contention that the evidence fails to support the verdict requires no extended discussion. We have examined the record and find therein ample evidence, if satisfactory to the trial court and jury, to support the claim of plaintiff. And though there is direct conflict between plaintiff and defendant, with circumstances tending to support each, the question was one of fact, and we discover no reason for interference, since the trial judge has approved the verdict. There was no substantial controversy on the trial in reference to the amount plaintiff was entitled to, if entitled to recover at all, and no exceptions are presented covering any issue in that respect, or the manner of submitting the issue to the jury.

Order affirmed.