AGNES O. PANGALOS, ADMINISTRATRIX c.t.a. OF ESTATE OF ARTHUR FLYGEN, v. MAURICE L. HALPERN AND ANOTHER.

76 N. W. (2d) 702.

April 6, 1956—No. 36,431.

*Samuel Warren,* for appellant.

*Samuel P. Halpern, Louis B. Schwartz,* and *Sheldon J. Gensler,* for respondents.

MATSON, JUSTICE.

Appeal from an order denying plaintiff's blended motion for an order setting aside a directed verdict or in the alternative for a new trial.

Plaintiff is the administratrix c. t. a. of the estate of Arthur Flygen who died January 1, 1949, a resident of Hennepin County. The defendants are attorneys who represented the plaintiff in the probate of the estate. Decedent, for some time prior to his death,

had been associated as a partner with Louise H. Evans in the operation of a furniture store under the firm name of Central Furniture & Carpet Company. Evans, the surviving partner, brought a district court action against the plaintiff and decedent's heirs for the specific performance of an alleged oral contract entered into by the decedent prior to his death whereby he allegedly agreed, in consideration of the execution of certain deeds to real estate, to make a will leaving his entire estate (except $10,000 bequeathed to his sister and $10,000 to a servant) to Evans, alleging further that decedent had in fact executed a holographic will in favor of Evans but without having any subscribing witnesses thereon. If the Evans action had gone to trial and she had prevailed, decedent's heirs would have received nothing. Plaintiff, as administratrix, and the heirs of decedent's estate employed defendants to represent them in the Evans action. After considerable negotiation, the parties to the Evans action entered into a compromise settlement whereby it was agreed that plaintiff and the heirs were to pay all estate and inheritance taxes; that Evans was to receive certain personal effects and also the real and personal assets of the partnership; and that decedent's estate, in addition to the retention of decedent's homestead, automobile, and a checking account balance of about $15,000, should be paid additional cash money by Evans as set forth in the following provision of the compromise settlement:

"Now, therefore, in consideration of the payment of the sum of Twenty Thousand Five Hundred Dollars ($20,500.00) by the said parties of the third part to the said party of the first part, receipt whereof is hereby acknowledged, and in further consideration of the payment by the said parties of the third part of the sum of Nine Thousand Dollars ($9,000.00) to Maurice L. Halpern and Irvin E. Schermer, attorneys for said parties of the first and second part, receipt whereof is hereby acknowledged, and which sum the parties of the first and second part do hereby acknowledge to be fair and reasonable, and * * *."

The compromise agreement contained a further provision whereby each of the parties acknowledged that he or she had read the instru-

ment and had voluntarily entered into the agreement with a full understanding of the effect of its terms.

Immediately after the execution of the settlement agreement, plaintiff filed with the Hennepin County probate court her written petition for the approval of the settlement and for authority to carry out its terms. The petition was accompanied by the settlement agreement and also by the written consent of the heirs to the entry of the court's order of approval. On April 22, 1949, the probate court made its order approving the same. On the same day, pursuant to a stipulation between the parties through their respective counsel, the district court approved the settlement and dismissed the Evans action with prejudice.

On September 29, 1952, or 3 years and 5 months after the settlement had been approved by the probate court, as well as by the district court, plaintiff herein (through her present attorney) moved the district court for an order vacating the settlement and the judgment of dismissal in the Evans action. The motion was made on the grounds that the settlement, with respect to the payment of the $9,000 attorneys' fees to the defendants, was improvident, made without the authority of the plaintiff and the heirs, and procured by the fraud and misrepresentation of such defendants. The motion was denied with findings that the agreement was provident, fully authorized, and made without fraud or misrepresentation.

Thereafter plaintiff brought this action for money had and received against the defendants to recover the $9,000 attorneys' fees paid to them pursuant to the settlement. At the close of plaintiff's case, the trial court granted defendants' motion for a directed verdict on the ground that the order of the probate court approving the settlement, inclusive of the provision therein for the payment of attorneys' fees, is res judicata and conclusive as between the parties.

Upon this appeal we are concerned with the jurisdiction of the probate court to make the order and with the question whether such order is a final adjudication upon the allowance of attorneys' fees and therefore not subject to collateral attack.

■ The probate court had jurisdiction to make the order. There was no dispute between the plaintiff as administratrix and the defendants as to the payment or as to the amount of the attorneys' fees when the order was made since the plaintiff and all the heirs had petitioned for, or expressly consented to, the determination of the reasonableness of the fees specified in the agreement and authority to pay them. Pursuant to Minn. Const. art. 6, § 7, the probate court is vested with a plenary and exclusive original jurisdiction over the estates of deceased persons in all matters relating to their complete administration,[1] and this includes the power to allow attorneys' fees, in whole or in part, as a credit in the final account, *or at any time during the administration.* M. S. A. 525.49.

■ Was the order a final adjudication of defendants' fees for the legal services performed by them in bringing about a settlement of the Evans action? We have heretofore held that an *appealable* order, affecting a substantial right, made in determining a motion (or upon an application by petition as herein) after a full hearing has been had on a controverted question of fact, which decides a point actually litigated, is an adjudication binding on the parties and is conclusive and res judicata on the point so actually litigated and determined.[2] This rule is applicable herein. First, it is to be observed that an order made pursuant to § 525.49 directing, or refusing to direct, the payment of attorneys' fees is appealable by either the representative or by the attorney. § 525.71(15). Secondly, the order was not made ex parte since the plaintiff and all the heirs either petitioned for, or expressly consented to, the entry of the order. Except in a strictly literal sense, an order made upon the application, or with the consent, of all the interested parties is not ex parte.[3] The fact that such an order is made upon an agreed state-

---

[1]Vesey v. Vesey, 237 Minn. 10, 53 N. W. (2d) 809.

[2]Atwood v. Holmes, 229 Minn. 37, 38 N. W. (2d) 62, 11 A. L. R. (2d) 311; see, In re Trusteeship Under Will of Melgaard, 200 Minn. 493, 274 N. W. 641.

[3]In re Trusteeship Under Will of Melgaard, 200 Minn. 493, 507, 274 N. W. 641, 648.

ment of the facts or is entered by consent or upon the agreement of the parties does not lessen its force or effect,[4] and it is as binding upon the parties as if made after protracted litigation.[5] Furthermore, the additional fact that the order in a certain sense is an allowance of attorneys' fees directly to the plaintiff as administratrix does not impair its finality as an adjudication which is binding upon the attorneys as well as upon the administratrix.[6] Insofar as decedent's estate is concerned, and in fact likewise with respect to the attorneys and all the heirs, it is clear that the court's order was a final adjudication of defendants' fees for the services they rendered in bringing about a settlement and final determination of the Evans action.

■ As this court pointed out in the Melgaard opinion,[7] except for the background of jurisdiction in personam rather than in rem as in the instant case, representatives of decedent's estates and trustees stand on the same footing with respect to the finality of orders allowing their accounts, and such orders are only subject to direct attack by an appropriate proceeding such as by motion to open or by appeal. Intermediate orders adjudicating the reasonable value of attorneys' fees to the estate and ordering their payment, like orders allowing final accounts, are in their essence judgments binding as such upon the parties and res judicata as to the subject matter.[8]

■ Since the order herein determining the reasonable value of the attorneys' fees and directing their payment in the course of administration was in essence a final judgment binding and conclusive upon the parties, and res judicata as to the point adjudicated, it falls under the following general rule: In the absence of fraud, a

[4]In re Trusteeship Under Will of Melgaard, *supra.*

[5]See, 31 Am. Jur., Judgments, §§ 463, 464.

[6]See, §§ 525.49, 525.71(15) ; Whipple v. Mahler, 215 Minn. 578, 10 N. W. (2d) 771.

[7]In re Trusteeship Under Will of Melgaard, 200 Minn. 493, 503, 507, 508, 274 N. W. 641, 647, 649.

[8]Atwood v. Holmes, 229 Minn. 37, 38 N. W. (2d) 62, 11 A. L. R. (2d) 311; In re Trusteeship Under Will of Melgaard, 200 Minn. 493, 274 N. W. 641.

valid judgment, decree, or as here an order which is the equivalent thereof, entered by agreement or consent, operates as res judicata to the same extent as if it had been rendered after contest and full hearing and is binding and conclusive upon the parties and those in privity with them.[9]

■ Since the probate court's order allowing the attorneys' fees was in essence a judgment, plaintiff's collateral attack upon it for fraud is wholly ineffective. A judgment obtained with jurisdiction but by fraud is voidable only—and not void—and it is not subject to collateral attack since it stands in full force and effect until vacated in a direct attack proceeding.[10] In order to be open to collateral attack, a judgment must be void on the face of the record, as for want of jurisdiction.[11]

The order of the trial court is affirmed.

Affirmed.

### Upon Appeal from Clerk's Taxation of Costs.

On May 4, 1956, the following opinion was filed:

Per Curiam.

Plaintiff appeals from the clerk's taxation of costs and disbursements.

Plaintiff contends that the item of $602 awarded to the defendants for printing the supplemental record ought to be disallowed for the reason that such supplemental record was unnecessary to a determination upon review of the correctness of the order of the trial court directing a verdict for the defendants. We do not agree.

---

[9]Burgess v. Seligman, 107 U. S. 20, 2 S. Ct. 10, 27 L. ed. 359; Pittsburgh Plate Glass Co. v. Labor Board, 313 U. S. 146, 61 S. Ct. 908, 85 L. ed. 1251; 31 Am. Jur., Judgments, §§ 463, 464; 50 C. J. S., Judgments, § 705; Annotation, 2 A. L. R. (2d) 514, 521 to 529; Annotation, 97 L. ed. 1188, 1191; see, Melady-Briggs Cattle Corp. v. Drovers State Bank, 213 Minn. 304, 6 N. W. (2d) 454.

[10]In re Trusteeship Under Will of Melgaard, *supra;* Restatement, Restitution, § 72(1).

[11]In re Trusteeship Under Will of Melgaard, *supra;* Leland v. Heiberg, 156 Minn. 30, 194 N. W. 93; In re Estate of Sutton, 161 Minn. 426, 201 N. W. 925; 1 Freeman, Judgments (5 ed.) § 318.

Although the decision of this court was based on the ground of res judicata, it might have, under the alternative theories of plaintiff's appeal, been based on the ground that the evidence on its merits did not support the verdict. Plaintiff sought to prevail in this court first on the ground that the trial court erred in holding that the determination of the probate court was res judicata and, secondly, on the ground that the evidence in the case did not support the verdict. One of plaintiff's assignments of error was "That the verdict is not justified by the evidence."

Plaintiff in his brief also states:

*"There is no evidence tending directly, or by reasonable inference, to sustain the directed verdict* unless should it be held the Probate Court order authorizing the making of the 'Settlement Agreement' estop plaintiff from maintaining this action." (Italics supplied.)

There can be no question that the defendants, under the theories of plaintiff's appeal, were confronted with the possibility that this court might base its decision on the ground that the evidence on its merits did not sustain the verdict.

It is elementary that a plaintiff who seeks to prevail upon alternative theories presented to this court cannot thereafter be heard to complain when the defendants are allowed their necessary disbursements for printing a supplemental record which is reasonably necessary to controvert and refute the theory which this court might have adopted, but did not adopt, as the basis for its decision. See, Hart v. Bell, 222 Minn. 69, 82, 83, 23 N. W. (2d) 375, 24 N. W. (2d) 41.

In view of the fact that plaintiff's appeal called for a consideration of the evidence on its merits to determine if the directed verdict was supported by the evidence, the defendants were justified in printing the supplemental record since the abbreviated record prepared by the plaintiff was insufficient for this purpose. Supreme Court Rule VIII (222 Minn. xxxii) provides that, if the respondent deems the record so printed not sufficiently full to present properly the merits of the appeal, he may print a supplemental record, or instead in his brief may refer to the folios or pages in the settled case. We can-

not say that defendants (respondents) were not reasonably justified in printing the supplemental record.

The clerk's taxation of costs and disbursements is affirmed.