# STATE BANK OF NEW LONDON v.
# WESTERN CASUALTY AND SURETY COMPANY.

178 N. W. (2d) 614.

June 19, 1970—No. 42049.

*Carroll, Cronan, Roth & Austin,* and *Robert M. Austin,* for appellant.

*Dorfman, Rudquist & Karalis, John P. Karalis,* and *Callaghan & Nelson,* for respondent.

Heard before Knutson, C. J., and Nelson, William P. Murphy, Otis, and James F. Murphy, JJ.

JAMES F. MURPHY, JUSTICE.*

Appeal from a summary judgment of the district court in favor of plaintiff and against defendant.

On August 2, 1966, an action was commenced by H. Walter Olson, West Central Realty Corporation, and Minnesota Bancompany, Inc., against Harold Cole, Henry Vegdahl, Otis Halvorson, Dennis Benson, Richard Anderson and State Bank of New London. The individual defendants constituted the entire board of directors of the bank. H. Walter Olson was a former officer and director of the bank, his office being terminated in August 1962 and his directorship in January 1963. Olson, through his controlling interest in West Central Realty Corporation and Minnesota Bancompany, Inc., at one time owned a controlling interest in the bank, which controlling interest was sold to Harold Cole on or before June 28, 1963. The amended complaint sought damages from the defendants based upon a number of allegations of wrongdoing, including claims for damages for libel and slander. Defendants moved for summary judgment as to the allegations of libel and slander on the ground that the claim was barred by the statute of limitations. This motion was granted and judgment was entered. No appeal has been taken from the judgment. The answer interposed by the bank and the individual defendants was a general denial and asserted some affirmative defenses, including releases of all claims dated May 18, 1964. A counterclaim for malicious prosecution of a civil action was also alleged. The plaintiffs claimed the releases were procured by fraud. The court determined that the issue of the validity of the releases should be separated from the rest of the

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

issues and tried first. Trial as to this issue was set for January 22, 1968. At that time a stipulation of settlement was entered into between the parties in which the plaintiffs agreed to withdraw all allegations of wrongdoing on the part of the bank and its directors. Defendant Cole paid $1,750 to plaintiff H. Walter Olson as settlement of any claims of goodwill and earned past commissions in connection with the insurance agency. The court made findings of fact, conclusions of law, and order for judgment. Judgment was entered on January 26, 1968, which recited:

"Now, THEREFORE, pursuant to said order, it is hereby adjudged and decreed:

"1. That the complaint of plaintiffs herein, as amended, and all counts and allegations set forth therein, is hereby dismissed on the merits and with prejudice but without costs to either party."

No appeal was taken from the judgment.

In the action before us, the plaintiff, State Bank of New London, had purchased a bankers blanket bond from defendant, Western Casualty and Surety Company. The bond provided that defendant would indemnify plaintiff for any amount not exceeding $1,000 for payments to a director or officer of plaintiff for expenses and attorneys' fees incurred while an officer or director of the bank in defending any suits to which he had been made a party by reason of his being or having been a director or an officer of the bank, provided that "in such suit(s) he is adjudged to have been not guilty of negligence or misconduct in the performance of his duties as a director or an officer."

Plaintiff sued for attorneys' fees and expenses incurred by the directors and officers during 1966, 1967, and 1968. The trial court granted summary judgment for plaintiff. Defendant's appeal from this judgment is now before the court.

The only issue on this appeal is whether the judgment of January 26, 1968, was sufficient to satisfy a condition of the bond which required that before the insurer shall be responsible

thereunder the director or officer sued shall be adjudged to have been not guilty of negligence or misconduct in the performance of his duties.

We construe the words "not guilty of negligence or misconduct" in the policy to mean to have been free from or innocent of negligence or misconduct; such would be the natural and ordinary meaning that they would convey to the popular mind. Hauenstein v. St. Paul-Mercury Ind. Co. 242 Minn. 354, 65 N. W. (2d) 122.

Defendant claims it does not have to reimburse the bank for attorneys' fees and expenses paid the directors because the directors were not adjudged to have been not guilty of negligence or misconduct. Defendant also claims the judgment entered on the stipulation of the parties is not a sufficient adjudication to satisfy the condition of the bond. Defendant cites, as authority holding a consent judgment is not a judicial determination of the parties' rights, cases such as Hentschel v. Smith, 278 Minn. 86, 153 N. W. (2d) 199; Prill v. Illinois State Motor Serv. Inc. 16 Ill. App. (2d) 202, 147 N. E. (2d) 681; Fruehauf Trailer Co. v. Gilmore (10 Cir.) 167 F. (2d) 324. These cases, however, are distinguishable. in the Hentschel case, and others, the court was concerned with whether a consent judgment operates as collateral estoppel. The rule of Hentschel—that in actions growing out of accidents where two or more persons are injured, a compromise with one of the injured persons cannot be shown in an action by the other—is universal. The reason for the rule is that the law favors settlements of controversies out of court, and if a person could not settle one claim out of court without fear that this would be used in another's action as an admission against him, many settlements would not be made.

The confusion over the nature of a consent judgment has arisen in cases involving res judicata and collateral estoppel. When res judicata is used in the narrow sense as a bar to a subsequent action between the same parties or those in privity with them upon the same claims or demands, most courts hold the con-

sent judgment is a bar and is an adjudication on the merits. 1B Moore, Federal Practice (2 ed.) par. 0.409(5), p. 1030, states:

"* * * The consent judgment may raise special problems in connection with other matters, such as splitting an action, and collateral estoppel. But the fact remains that the judgment is not an *inter partes* contract; the court is not properly a recorder of contracts, it is an organ of government constituted to make judicial decisions and when it has rendered a consent judgment it has made an adjudication."

It appears that the defendant herein should not be concerned about collateral estoppel but only about the action brought against the directors. This action was fully determined and adjudicated by the summary judgment and consent judgment entered therein.

In Melady-Briggs Cattle Corp. v. Drovers State Bank, 213 Minn. 304, 6 N. W. (2d) 454, this court, in effect, said that a dismissal with prejudice based on a stipulation was a final adjudication on the merits. The rule applicable to the facts now before the court appears to be that in the absence of fraud, a valid judgment, decree, or an order which is the equivalent thereof, entered by agreement or consent, operates as res judicata to the same extent as if it had been rendered after contest and full hearing, is binding and conclusive upon the parties and those in privity with them, and is a final adjudication. Pangalos v. Halpern, 247 Minn. 80, 76 N. W. (2d) 702.

It is clear that the parties to the stipulation upon which the judgment was entered intended it to have a full res judicata effect and to be an adjudication of the claims between the parties. The record made in open court before the trial judge states:

"* * * [T]his now is a full and final disposition of any claims whatsoever that Mr. Olson or either of the corporate plaintiffs has against any of the defendants, and each of them, and that these matters that the plaintiffs may have thought were in dispute are now finally put to rest and fully adjudicated * * *."

In the findings of fact and conclusions of law by the court, upon which the judgment was based, the court found that all allegations of wrongdoing or misconduct on the part of the directors or officers were withdrawn and dismissed with prejudice. The judgment entered pursuant thereto was an adjudication that the officers and directors were found to be not guilty of any wrongdoing or misconduct.

The judgment of the trial court is affirmed.

Affirmed.