IN RE APPLICATION OF CHARLOTTE S. SCHAEFER TO
REGISTER TITLE.
JAMES E. ERNST AND ANOTHER v. EDWARD J. ERNST
AND ANOTHER.

178 N. W. (2d) 907.

July 3, 1970—No. 42089.

*Peter J. Hiniker* and *Lee Trenholm,* for appellants.
*Gainsley & Gainsley,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

This is an appeal from summary judgment in a land registration proceeding in favor of James E. Ernst and his wife, Joan L. Ernst (hereafter simply "James"), applicants for registration of title, and against Edward J. Ernst, a brother of James, and his wife, Bernitta M. Ernst (hereafter, "Edward"), unnamed answering defendants seeking to establish an interest in the land to be registered. The nature of the issue raised and its

limited determination require consideration of four separate actions involving these litigants.

*Action No. 1.* The action which is the subject of this appeal is the registration proceeding itself. At the instance of James, who holds a vendee's interest in a contract for deed, an application for registration was instituted in the name of the fee owner, Charlotte Schaefer, in October 1964, which was followed by a cross-application by James on February 24, 1967. The summons was not served upon Edward, for there was at that time no subsisting claim of interest by Edward, but Edward had actual notice as early as January 11, 1967, of the pending Schaefer application and, apparently, that James' cross-application was to follow. It was not until February 12, 1969, however, that Edward interposed an answer in the registration proceedings, asserting a partnership interest with James in this land.[1] On May 26, 1969, the district court, as a result of a consent order of dismissal with prejudice in an intervening action, *infra,* ordered that Edward's answer be stricken and summary judgment be granted to James. This appeal is from the judgment entered pursuant to that order.

*Action No. 2.* In April 1965, almost 2 years before James' registration application but a few months after the Schaefer application, Edward commenced an action in district court asserting a partnership interest in subject land and seeking reformation of the contract for deed establishing James' vendee's interest in the land. After several false starts in settlement negotiations,[2] James and Edward made a written stipulation on

---

[1] It has been held in an analogous situation of delay after actual notice that an unnamed defendant's motion to intervene in a registration proceeding may be denied as untimely made. In re Application of McDaniel, 257 Minn. 78, 82, 100 N. W. (2d) 497, 501.

[2] On March 8, 1966, the district court made a pretrial order dismissing the action, pursuant to a letter from Edward requesting it and stating he was to quitclaim his interest to James. The action was reinstated June 22, 1966, upon James' request, Edward having failed to execute a quitclaim deed. Edward did execute a quitclaim deed to James on

January 11, 1967, signed by each of them and their respective attorneys, by the terms of which Edward conveyed his interest to James and agreed that his action against James was to be dismissed with prejudice. The district court, pursuant to the stipulation, which was incorporated in its order, dismissed Edward's action with prejudice on January 20, 1967. The dismissal in this action was the basis for the district court's April 25, 1969, order granting summary judgment in the torrens proceeding.[3]

*Actions Nos. 3 and 4.* On June 14, 1969, Edward commenced an action against James to void the January 11, 1967, stipulation and to vacate the January 20, 1967, order of dismissal, alleging (as in his answer in the registration proceeding) that it was the product of James' "fraudulent promises and misrepresentations"; but this action was voluntarily dismissed on July 22, 1969. On July 29, 1969 (after the appeal herein was taken on July 3, 1969), Edward commenced another action different only in that it alleged both coercion and fraud and asked, in addition, for a money judgment. At the same time he filed a notice of lis pendens against subject property pursuant to Minn. St. 557.02.

The basic issue is whether an opposing claim of title may be asserted against the applicant in a registration proceeding where the same claim had been asserted and dismissed with prejudice in a prior action between the parties; stated otherwise, whether the opponent in the registration proceeding is estopped by a final order, entered by consent, determining the same issue in another action. If the dismissal with prejudice may not be collaterally

---

July 27, 1966. On October 6, 1966, when the matter came on for trial, the parties made a comprehensive stipulation in open court looking to a sale of the property, a specified sharing of the proceeds, and a dismissal of the action; but because Edward failed to perform according to its terms, the stipulation was nullified.

[3] Judge Bruce C. Stone wrote in his memorandum: "In my view it is completely inconsistent to enter into a stipulation in Courtroom 306, quit claiming interest in a property, and to assert the same interest in Courtroom 436, without attempting to revoke the stipulation, and the order resulting therefrom."

attacked in the registration proceeding, as we hold in agreement with the trial court, Edward's answer was properly stricken and, there being no genuine issue of fact, James was entitled to summary judgment.

An order dismissing an action with prejudice operates as an estoppel to litigate again the issue raised in that action. The principles of res judicata apply with respect to an appealable order after the time for appeal has expired. The only reservation is whether such an order, being entered by consent, constitutes the requisite adjudication upon the merits. We held on analogous facts in Pangalos v. Halpern, 247 Minn. 80, 76 N. W. (2d) 702, that it did. Plaintiff in that case was administratrix of an estate; defendants were the attorneys for plaintiff in the probate of the estate. A compromise settlement in the probate dispute provided for payment of $9,000 to the defendants, the settlement being approved by both the probate and district courts. Almost 3 1/2 years later, plaintiff moved the district court to vacate the settlement and the judgment of dismissal in the prior proceedings on grounds of improvidence and fraud. The motion was denied. Thereafter plaintiff brought an action against defendants to recover the $9,000 paid them pursuant to the settlement. The trial court granted defendants' motion for a directed verdict on the ground that the order of the probate court approving the settlement was res judicata. We affirmed, stating (247 Minn. 85, 76 N. W. [2d] 706):

"* * * In the absence of fraud, a valid judgment, decree, or as here an order which is the equivalent thereof, entered by agreement or consent, operates as res judicata to the same extent as if it had been rendered after contest and full hearing and is binding and conclusive upon the parties and those in privity with them."

See, also, State Bank of New London v. Western Cas. & Surety Co. 287 Minn. 339, 178 N. W. (2d) 614.

It is true that the Pangalos principle has not been universally followed for the reason that consent to dismissal of an action may be induced by practical and expedient considerations divorced from the merits. See, Annotation, 2 A. L. R. (2d) 514, especially §§ 11 and 12; see, also, Hentschel v. Smith, 278 Minn. 86, 153 N. W. (2d) 199. We think, however, upon the extensive record of negotiations in this case, that it may be fairly said that the parties intended that the dismissal was to serve as a final determination of the issues in dispute. The principle is sound in relation to this land registration proceeding, moreover, for the purpose of this statutory proceeding is to inquire into and determine the rights of respective claimants to land and to declare and fix definitely the estate or interest each has and to enter a decree accordingly. As stated by R. G. Patton and Carroll G. Patton in *Registration of Titles and Conveyancing Applied to Registered Titles*, 29 M. S. A. 435, 458, "The court has, therefore, no power * * * to award affirmative relief to a defendant independent of the registration of title."

Our decision is based upon the fact that a final order of dismissal with prejudice has not been vacated. Edward's opportunity to establish his claim in his pending action against James, protected as he presumably is by the notice of lis pendens,[4] is not necessarily foreclosed. As James observed in his brief, "If appellants have a right to maintain their action, they will have their day in court in the [fourth action] and since they have filed a notice of *lis pendens*, they have sufficiently and adequately protected their claimed rights in the property, if such

[4] Minn. St. 508.48 provides: "Every conveyance, lien, attachment, order, decree, or judgment, or other instrument or proceeding, which would affect the title to unregistered land under existing laws, if recorded, or filed with the register of deeds, shall, in like manner, affect the title to registered land if filed and registered with the registrar in the county where the real estate is situated, and shall be notice to all persons from the time of such registering or filing."

they have."[5] And, as James acknowledged in oral argument, the court in the registration proceedings may make its judgment subject to the judgment in that fourth action. We do not express an opinion as to what disposition should be made with respect to that action.

Affirmed.

---

[5] James does not concede that Edward has any right. He contends that an attack upon the January 20, 1967, order of dismissal must proceed exclusively under Rule 60.02, Rules of Civil Procedure, under which the time for such an attack has expired, and not under Minn. St. 548.14; further, and with greater force, that the latter action, being equitable in nature, is subject to the defense of laches.