**LuVerne HOLLENKAMP, et al., Appellants,**

v.

**William PETERS, etc., et al., Respondents.**

**No. C8–84–1311.**

Court of Appeals of Minnesota.

Nov. 20, 1984.

**110**

Darel F. Swenson, Wayzata, Tracy E. Mulligan, Rockville, Md., Edwin Vieira, Jr., Manassas, Va., for appellants.

John R. Koch, St. Cloud, for respondents.

Heard, considered and decided by POPO-VICH, C.J., and SEDGWICK and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellants appeal the trial court's order granting them a partial preliminary injunction. The trial court's preliminary injunction restrained respondents, except Alois Nieders, from interfering with the functioning of the St. Pius V Priory. Appellants claim the trial court erred because it did not restrain respondents from holding themselves out as knights in the Sovereign Order of St. John of Jerusalem, Knights of Malta and from having "supreme authority" over that organization. We affirm.

## FACTS

The Sovereign Order of St. John of Jerusalem, Knights of Malta (Order) is a religious chivalric organization in existence since the eleventh century. Appellants include St. Pius V Priory of the Sovereign Order of St. John of Jerusalem, Knights of Malta (Priory), an unincorporated priory with the functional equivalent of a parish in a diocese. The Priory was originally formed in 1975 and exists pursuant to a nonexclusive licensing agreement with the Sovereign Order of St. John of Jerusalem, Knights of Malta, Inc. (Delaware Corporation).

St. Pius V Priory of the Sovereign Order of Jerusalem, Knights of Malta, Inc. (Minnesota Corporation) is a Minnesota non-profit corporation formed to hold title to the property and manage the temporal affairs of the Priory. Appellants LuVerne Hollenkamp, Edward Justin, Thomas Sowada, Mickey Sowada, and William Sowada are members and directors of the Minnesota Corporation.

Respondents von Stahl, Grady, and Peters claim to be members of the Order. They claim to be priors of various regions in the United States and are officers of the Association of Family Commanders and Hereditary Knights of St. John (Association). Both respondents and the Delaware Corporation claim authority over the Order. Litigation is purportedly taking place in federal district courts in Ohio and Tennessee and in the United States Patent and Trademark Court to determine the control of the Order.

On March 24, 1984, appellants filed a complaint alleging respondents were engaged in unfair competition, deceptive trade practices, and defamation. The complaint sought declaratory and injunctive relief, damages, and attorneys' fees. Appellants were granted a temporary restraining order prohibiting respondents from trespassing or interfering with the activities at the Priory.

Appellants then requested a preliminary injunction restraining respondents from (1) interfering with the functioning of the Priory, (2) holding themselves out as knights of the Order, and (3) claiming "supreme authority" over the Order. On June 22, 1984, the trial court temporarily enjoined respondents, except Alois Nieders, from interfering with the functioning of the Priory and denying all other relief. The trial court found the other relief was not warranted because the other matters were ecclesiastical in nature and because appellants had not shown irreparable injury would occur.

## ISSUE

Was the trial court clearly erroneous in its partial denial of preliminary injunctive relief to appellants?

## ANALYSIS

### 1. *Injunctive Basis.*

■ The relevant factors in determining whether to grant preliminary injunctive relief are:

(1) the nature of the relationship between the parties before the dispute giving rise to the request for relief;

(2) the harm to be suffered by the moving party if the preliminary injunction is denied as compared to that inflicted on the non-moving party if the injunction issues pending trial;

(3) the likelihood of success on the merits;

(4) the public interest; and

(5) administrative burdens in enforcing a temporary decree.

*Edin v. Jostens, Inc.,* 343 N.W.2d 691, 693 (Minn.Ct.App.1984) (citing *Dahlberg Brothers, Inc. v. Ford Motor Co.,* 272 Minn. 264, 137 N.W.2d 314 (1965)).

■ A trial court's decision to deny preliminary injunctive relief will not be overturned unless clearly erroneous.

Great caution and deliberation must be exercised by the trial court in the granting of an interlocutory injunction since the injunctive process is the strong arm of equity. The right to and the necessity for the granting or refusal of such an injunction lies largely within the discretion of the trial court, whose action will not be disturbed on appeal unless from the whole record it appears that there has been an abuse of such discretion.

*AMF Pinspotters, Inc. v. Harkins Bowling, Inc.,* 260 Minn. 499, 504, 110 N.W.2d 348, 351 (1961); *see Cramond v. AFL–CIO,* 267 Minn. 229, 234, 126 N.W.2d 252, 256–57 (1964).

### 2. *Ecclesiastical Issues.*

■ Appellants claim the trial court abused its discretion by not restraining respondents from claiming membership in or control over the Order. One reason the trial court gave for partially denying appellants' request for relief was the other relief involved ecclesiastical matters. This basis for the trial court's order was error.

This dispute involves issues concerning property rights and membership and does not appear to involve a doctrinal dispute or issues capable of resolution by the highest tribunal of the Order.

Though this action is not easily characterized, it would accurately be termed a matter of property ownership and membership qualification, to be determined by documents and proceedings of the local church government. Since it is not a doctrinal matter, nor a matter committed to adjudication by the highest tribunal in a hierarchical church, there is no first amendment barrier to resolution by the civil courts.

*Piletich v. Deretich,* 328 N.W.2d 696, 700 (Minn.1982).

### 3. *Irreparable Injury.*

The trial court also found no irreparable harm. Appellants claim this finding was erroneous because the likelihood of public confusion requires injunctive relief under Minn.Stat. §§ 325D.44–.45, the Lanham Trademark Act, 15 U.S.C. §§ 1114(1), 1125(a), and common law principles of unfair competition. While applicable in the commercial and business arena, their application is not involved in an ecclesiastical issue.

■ The trial court's finding appellants failed to show irreparable injury is not clearly erroneous.

Injunctive relief should be awarded only in clear cases, reasonably free from doubt, and when necessary to prevent great and irreparable injury.

\*　　\*　　\*　　\*　　\*　　\*

An injunction will not issue to prevent an imagined injury which there is no reasonable ground to fear. The threatened injury must be real and substantial.

*AMF Pinspotters*, 260 Minn. at 504, 110 N.W.2d at 351.

■ In order to have irreparable injury, the party requesting injunctive relief must have some interest in the right they are seeking to protect.

> The existence of a right violated is a prerequisite to the granting of an injunction; an injunction will not issue to protect a right not in esse and which may never arise.

43 C.J.S. *Injunctions* § 18, at 784 (1978).

Appellants did not make a sufficient showing of an interest in the name or trademarks of the Order. Their licensing agreement with the Delaware Corporation specifically provides:

> 6. The rights to the use of the Corporation's name and trademarks granted herein are non-exclusive and non-divisible * * *.
>
> 7. * * * [T]he Licensee shall not in any manner represent that it has any ownership in the name and trademarks or registration thereof, and the Licensee acknowledges that the use of the name and trademarks shall not create in it any right, title, or interest in or to the name and trademarks.

Although appellants claim they have an exclusive license, their complaint is premised on this licensing agreement.

■ This court's review of the trial court's action must view the pleadings and affidavits in favor of the party who prevailed below. *Cramond*, 267 Minn. at 234–35, 126 N.W.2d at 257. Thus, the trial court's finding appellants would not suffer irreparable harm was not clearly erroneous because appellants did not even demonstrate an interest in the Order's name or trademark. At oral argument, appellants could not cite any instances of irreparable injury in the operation of their school or priory, relying primarily on speculation and conjecture.

### 4. *Status Quo.*

■ A preliminary injunction should not exceed the needs of the particular case.

*Satren v. Hader Co-operative Cheese Factory*, 202 Minn. 553, 279 N.W. 361 (1938).

> The object of a temporary injunction is to maintain the matter in controversy in its existing condition until judgment so that the effect of the judgment shall not be impaired by the acts of the parties during the litigation.

*Pickerign v. Pasco Marketing, Inc.*, 303 Minn. 442, 446, 228 N.W.2d 562, 565 (1975). The trial court's preliminary injunction restraining respondents from interfering with the functioning of the Priory was sufficient to maintain the status quo pending trial. The trial court did not abuse its discretion.

■ Denial of the other portions of the preliminary injunction does not impair appellants' right to seek injunctive relief and prove their allegations at trial.

> [D]enying a temporary injunction neither establishes the law of the case nor constitutes an adjudication on the merits of the issues raised in the complaint.

*Thompson v. Barnes*, 294 Minn. 528, 536, 200 N.W.2d 921, 927 (1972).

The parties should promptly complete their discovery and proceed to trial on the merits.

### DECISION

The trial court's partial denial of a temporary injunction was not an abuse of discretion. Appellants did not show irreparable harm in the absence of further relief.

Affirmed.