LuVerne HOLLENKAMP, et al., Appellants,

v.

William PETERS, a.k.a. Sir William Von Peters, et al., John Grady, a.k.a. Dr. Sir John Grady, M.D., Respondents.

No. C6–87–348.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Darel F. Swenson, Wayzata, Edwin Vieira, Jr., Manassas, Va., for LuVerne Hollenkamp, et al.

John R. Koch, St. Cloud, for William Peters, a.k.a. Sir William Von Peters, et al.

John Grady, a.k.a. Dr. Sir John Grady, M.D., pro se.

Heard, considered and decided by LESLIE, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

LESLIE, Judge.

This appeal is from a judgment entered pursuant to an agreement between appellants and respondents. Appellants argue the trial court improperly included terms in the judgment not agreed to by the parties, through incorporation of an attached memorandum. Additionally, appellants claim that in entering judgment the trial court erred by making findings of fact. The entered judgment was in the nature of a consent decree, based on an agreement between the parties. Consequently, appellants claim, because no adjudication on the merits had taken place, it was inappropriate for the trial court to make findings of fact. Appellants argue such findings could create unintended collateral estoppel effects in the future. We affirm.

## FACTS

The Sovereign Order of St. John of Jerusalem, Knights of Malta (Order) is a religious chivalric organization in existence since the eleventh century. This case involves a localized aspect of a struggle for control over this national entity.

Appellants include St. Pius V Priory of the Sovereign Order of St. John of Jerusalem, Knights of Malta (Priory), an unincorporated priory with the functional equivalent of a parish in a diocese. The Priory was originally formed in 1975 and exists pursuant to a nonexclusive licensing agreement with the Sovereign Order of St. John of Jerusalem, Knights of Malta, Inc. (Delaware Corporation).

St. Pius V Priory of the Sovereign Order of Jerusalem, Knights of Malta, Inc. (Minnesota Corporation) is a Minnesota nonprofit corporation formed to hold title to the property and manage the affairs of the Priory. Appellants LuVerne Hollenkamp, Edward Justin, Thomas Sowada, Mickey Sowada, and William Sowada are members and directors of the Minnesota Corporation.

Respondents Von Stahl, Grady, Peters and others claim to be members of the Order. They claim to be priors of various regions in the United States and are officers of the Association of Family Commanders and Hereditary Knights of St. John (Association). Both respondents and the Delaware Corporation claim authority over the Order.

Appellants' original complaint was filed on March 24, 1984 alleging respondents were engaged in unfair competition, deceptive trade practices, and defamation. The complaint sought declaratory and injunctive relief, damages, and attorney fees. Appellants also requested a preliminary injunction restraining respondents from interfering with the functioning of the Priory, holding themselves out as Knights of the Order, and claiming supreme authority over the Order. On June 22, 1984 the trial court temporarily enjoined respondents, except Alois Nieders, from interfering with the functioning of the Priory and denying all other relief. The trial court found that other relief was not warranted because appellants had not shown irreparable injury would occur.

In *Hollenkamp v. Peters*, 358 N.W.2d 108 (Minn.Ct.App.1984) this court affirmed the trial court's partial denial of the temporary injunction. This court found the trial court did not abuse its discretion in finding that appellants had failed to show they would suffer irreparable harm in the absence of further relief.

After a plethora of further legal machinations, an amended complaint was filed on April 7, 1986, again claiming unfair competition, deceptive trade practices, and defamation. Appellants requested declaratory and injunctive relief, as well as damages and attorney fees. A jury trial was set for August 5, 1986. All the parties appeared on the fifth and entered into settlement negotiations that lasted through most of the following day. The trial court assisted the parties during this process.

On August 6, 1986 the parties reached agreement before the trial court. The trial court orally read the terms of a proposed agreement to insure that the agreement accurately "stated the tenor" of the parties' settlement. The parties acquiesced to the oral stipulation.

Pursuant to the oral stipulation, the court issued its consent decree in the matter on September 5, 1986. The decree, though not an exact duplicate, largely restated the contents of the parties' stipulation. The decree provided for settlement of the parties' dispute, but contained several clauses and sentences that appellants objected to as not part of the original oral agreement. Appellants moved for amendment of the consent decree or, in the alternative, a trial on the merits of the case.

On November 25, 1986 the trial court vacated the consent decree and issued its findings of fact, conclusions of law, order for amended judgment and decree. The findings of fact related to the August 6, 1986 settlement hearing and the manifested intentions of the parties. In its conclusions of law, the court denied appellants' motion, vacated its previous decree, and set out the terms of the amended judgment and decree.

The trial court complied with appellants' requests and eliminated all of the objected to clauses from the terms of the amended judgment-decree. The trial court then attached a memorandum further discussing the intent of the parties in reaching an agreement. The trial court then denied appellants' further motion to amend. Appellants now appeal and claim the resulting judgment and decree contains provisions never agreed upon, incorporated therein by the trial court memorandum, and that it was inappropriate for the trial court to make findings of fact, as there was never an adjudication on the facts.

## ISSUE

Did the trial court erroneously include unagreed to terms in its consent judgment and decree by the attached memorandum and err in making findings of fact as to the intent of the parties?

## ANALYSIS

 A consent judgment is based solely on the agreement and consent of the parties. *Hentschel v. Smith*, 278 Minn. 86, 95, 153 N.W.2d 199, 206 (1967). A trial court has the inherent power to set aside such a decree for fraud, mistake, or the absence of real consent. *Hafner v. Hafner*, 237 Minn. 424, 429, 54 N.W.2d 854, 857 (1952). Appellant claims the trial court erred in failing to exercise this power and in entering an amended judgment and decree purportedly based on the parties' consent because the amended judgment and decree contained terms to which appellant claims to not have consented.

The terms to which appellant objected in the first consent decree are underlined below:

\* \* \* \* \* \*

2. [Respondents] collectively and individually, shall make no claims in the future that they, or any of them, have authority to determine whether the individual [appellants] are or are not legitimate, lawful or authorized members of the [Order]. *[Respondents] by this Decree are not barred from raising such claims as to anyone other than the named parties to this litigation.*

\* \* \* \* \* \*

4. [Appellants] have the exclusive right to the title, possession and use of the names "St. Pius V Priory of the Sovereign Order of St. John of Jerusalem, Knights of Malta," and "St. Pius V Priory of the Sovereign Order of St. John of Jerusalem, Knights of Malta, Inc.,"

and of the real and personal property owned, used and possessed by St. Pius V Priory of the Sovereign Order of St. John of Jerusalem, Knights of Malta, Inc., and the *[respondents] in the future shall make no claim of right to title, possession or use of such names or properties based on transactions, activities or actions of any party occurring prior to August 6, 1986.*

\* \* \* \* \* \*

7. It is the intent that this Decree shall settle all claims whatsoever that each party has or may have, known or unknown, against any other party to this action arising out of the facts and circumstances alleged in the [appellants'] Amended Complaint and in the [respondents'] Answer to the Amended Complaint. *This Decree is entered to resolve the instant litigation of the named parties only and shall have no force or effect on various claims made by the instant parties or others as to who has ultimate authority over the [Order], except as it relates to the control and operation of [the Priory and the Minnesota Corporation].*

8. *Nothing in this Decree shall limit the [respondents], collectively or individually, from freely associating functioning or otherwise acting either fraternally, religiously, socially, or otherwise as Knights of the [Order] outside of said Priory and said Minnesota corporation.*

Appellants also objected to paragraph nine, in which both parties, as opposed to merely the respondents, were permanently enjoined from "making any claim or acting inconsistent with and in violation of the specific determinations made in this Decree." Appellants found such action inappropriate, as only appellants had requested injunctive relief.

The trial court eliminated or modified the terms of the amended judgment and decree pursuant to appellants' motion, but made findings of fact as to the intent of the parties and included a memorandum further explaining the remaining provisions of the judgment and decree. The memorandum read as follows:

## MEMORANDUM

Based on its active participation in the negotiation of the settlement, the Court heard various representations made by the parties as to the intended effect of the parties' agreement. As represented, the agreement was intended to resolve the instant litigation between the named parties and not to effect any other existing or future disputes.

As represented, the settlement was intended to preclude [respondents] from making future claims of right to title, possession or use of the names or properties of [the Priory and Minnesota Corporation], based on transactions, activities or actions of any party occurring prior to August 6, 1986.

As represented, the agreement was not intended to have any effect on the various claims made by the parties or others as to who has ultimate authority over the [Order], except as it relates to the control and operation of [the Priory and Minnesota Corporation].

As represented, the agreement was not intended to limit the [respondents], collectively or individually, from freely associating, functioning or otherwise acting fraternally, religiously, socially, or otherwise as Knights of the [Order] outside of [the Priory and Minnesota Corporation].

Through the two-day negotiations, the parties looked to exercising their respective religious beliefs and living as neighbors who disagreed as to those beliefs, but acquiesced in the settling of their competing claims to the [Priory]. On that basis, this court accepted the parties' agreement as a settlement of this suit.

Appellants claim the disputed terms have merely been moved to the memorandum and are thus still part of the judgment and decree. They argue those terms are not part of the original agreement and that the amended judgment and decree should be vacated with an order requiring entry of

judgment without the objected to terms or an order requiring a trial on the merits.

A review of the transcript of the stipulation hearing reveals that while the resulting consent decree is not an exact duplicate, it contains virtually identical language and terms to that of the hearing. Yet, appellant is correct in observing that the disputed clauses were not included the agreement read to the parties at the August 6, 1986 stipulation conference. Nonetheless, the added language in the resulting consent decree and amended judgment and decree merely explains the existing terms.

In entering a consent judgment the trial court is to be guided by the intent of the parties. *Hentschel,* 278 Minn. at 95, 153 N.W.2d at 206. After involvement in a day and a half of negotiations, as well as previous contacts with the parties, the trial court made its conclusions of law based on the intentions of the parties. The explanatory terms were based on representations made to the court by the parties. Additionally, the terms above are derived from the logical import of the terms actually read to the parties.

■ The trial court specifically asked if the agreement he read accurately stated the "tenor" of the parties' agreement. Both parties consented. In transposing what amounted to an oral agreement between the parties the trial court found it necessary to include explanatory clauses as to the intent the parties expressed in constructing the agreement. These do not supplement the agreement. The terms merely explain the agreement. As such it was not an abuse of the trial court's discretion to include them.

Appellants also argue the trial court erred in making findings of fact. Appellants claim such findings are inappropriate for a consent judgment, as no factual adjudication has taken place. Appellants further claim such findings create future unfair collateral estoppel problems.

The trial court's findings of fact were divided into three parts. The first part restated the undisputed terms of the settlement agreement. Parts two and three dealt with the intent of the parties:

## II.

At the request of counsel and the parties, this Court actively participated in negotiating the terms of the settlement agreement entered into by the parties on August 6, 1986. During the course of the negotiations the parties made certain representations to the Court as to the intended effect of various provisions of the proposed settlement agreement. These representations included the intention that the agreement resolve only the instant litigation involving [the Priory and Minnesota Corporation], without affecting any other existing or future disputes some of the parties may have with each other or others. The parties also represented a desire to allow all parties to maintain their respective religious beliefs as to who has ultimate authority in [the Order], and to act thereon, so long as such actions not involve the settled dispute as to the [Priory].

## III.

The above-stated representations made to the Court by the parties, and further representations described in the attached memorandum, formed the basis for this Court's approval of the parties' agreement. The Court reduced the parties' agreement to writing in a Consent Decree dated September 5, 1986. This Consent Decree contained the representations made to the Court regarding the intended effect of the settlement agreement. [Appellant] has since moved the Court for an Amended Consent Decree which excludes all language which is not a direct statement of the parties' agreement.

Had the trial court made findings of fact pertaining to the merits of appellants' claims, appellants might have been correct in their claim of error, since no entry of evidence on these claims had been made supporting such findings. Yet, the trial court's findings of fact related only to the

intention of the parties, the guiding principle behind a consent decree.

 Appellants' additional claim that these findings may create future collateral estoppel problems has no merit. Certainly, a consent judgment is res judicata, estoppel by judgment, with respect to the original parties on the same claim. *State Bank of New London v. Western Casualty & Surety Co.*, 287 Minn. 339, 342-43, 178 N.W.2d 614, 617 (1970). Regardless, collateral estoppel applies only to matters actually litigated and essential to a previous judgment. *Roseberg v. Steen*, 363 N.W.2d 102, 105 (Minn.Ct.App.1985). Since the issues resolved by a consent decree are never actually adjudicated, that decree does not generally have any collateral estoppel application. *Hentschel*, 278 Minn. at 94, 153 N.W.2d at 205. Contrary to appellants' claim, this is not changed by trial court findings of fact with respect to the intentions of the parties. Appellants cannot offer any authority or persuasive argument establishing that such findings of fact foreshadow future collateral estoppel difficulties.

### DECISION

The trial court properly entered a consent decree pursuant to the parties' agreement.

Affirmed.