**In re Walter R. FALK, Debtor.**

**Walter R. FALK, Appellant,**

v.

**Elaine S. HECKER, Appellee.**

Civ. No. 4–88–772.
Bankruptcy No. 4–87–3115.

United States District Court,
D. Minnesota,
Fourth Division.

April 5, 1989.

---

William I. Kampf, Fredrickson & Byron, Minneapolis, Minn., for appellant.

Scott A. Johnson, Robins, Kaplan, Miller & Ciresi, Minneapolis, Minn., for appellee.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Walter Falk filed for bankruptcy under chapter 11 less than a year after his divorce. As debtor-in-possession, he filed this action to avoid transfers made to Elaine Hecker, pursuant to their dissolution decree. Jurisdiction is alleged under 28 U.S.C. § 1334. The suit was referred to the bankruptcy court where Hecker was granted summary judgment on the basis of collateral estoppel. Now before the court is Falk's appeal from that decision.

Falk and Hecker were married in 1963. Hecker petitioned for divorce in June 1985. After more than a year of negotiations, Hecker and Falk worked out a property settlement. On September 30, 1986, a Minnesota court entered an order approving the settlement and dissolving their marriage.

Pursuant to the court's order, Hecker received $1,320,000, a Cadillac automobile, and the personal property in her possession. The order granted Falk a house in Minnesota, two condominiums and other real estate in Florida, all the parties' interests in Essex, Inc., and Norlight Promotions and Norlight Services, their German shepherd show dogs, two automobiles, a club membership, and all the personal property in his possession.

On September 14, 1987, Falk filed a petition for bankruptcy under chapter 11. He initiated this action on the same day as debtor-in-possession for the bankruptcy estate. Falk alleges that he was insolvent at the time he made the transfers to Hecker pursuant to the dissolution order, or that he was rendered insolvent by them. He seeks to nullify the property settlement pursuant to the federal and state fraudulent transfer provisions, 11 U.S.C. § 548(a)(2)[1] or Minn.Stat. § 513.45(a).[2]

■ Hecker moved for summary judgment on the bases of collateral estoppel and estoppel by judgment. The bankruptcy court granted Hecker's motion and dismissed Falk's claims. It held that Falk was collaterally estopped by the dissolution order from relitigating the fairness of the property settlement. Falk has appealed that order.

Falk contends that three elements necessary for collateral estoppel have not been met. He asserts that there is no identity of issues between the dissolution proceeding

---

1. The statute provides:

    (a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

    .    .    .    .    .

    (2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
    (B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation....

2. The statute provides:

    (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

474

and this action, that the issue was not actually litigated, and that there is no privity between himself as a party to the dissolution proceeding and himself as debtor-in-possession. The bankruptcy court, in a thorough and thoughtful opinion by Chief Judge Robert J. Kressel, addressed each of these contentions.

Falk's first contention is that there was no identity of issues between the state court decision and the requirements of the fraudulent transfer statutes. He argues that a determination by the state court that the property settlement was a fair and equitable division of property does not amount to a determination that the transfers between him and Hecker were for a "reasonably equivalent value" for purposes of 11 U.S.C. § 548 or Minn.Stat. § 513.45. Falk argues that while marital rights such as support and maintenance must be weighed into the property settlement, they should not be included in an evaluation of the fairness of the exchange under the fraudulent conveyance statutes. Hecker asserts that the operative facts underlying each determination are the same.

The state court determination pursuant to Minn.Stat. § 518.58 that the property settlement was a fair and equitable division of property is the same determination called for by the fraudulent conveyance statutes' requirement that an exchange be for a "reasonably equivalent value." Both determinations must include the value of marital rights and obligation. *See, e.g., Gray v. Snyder*, 704 F.2d 709, 711–12 (4th Cir.1983); *In re Ottaviano*, 63 B.R. 338, 341–42 (Bankr.D.Conn.1986). The measure of reasonably equivalent value is the same measure called for in a fair and equitable division when these rights and obligations are included in the balance. *See Harman v. Sorlucco (In re Sorlucco)*, 68 B.R. 748, 753–54 (Bankr.D.N.H.1986).

Falk's second contention is that the dissolution order should not have collateral estoppel effect because it was entered as a consent decree. He asserts that consent decrees should only be binding where the parties intend them to have that effect. Hecker responds that the parties did intend the decree to have this effect and made it explicit in their property settlement.[3]

■ As the bankruptcy court pointed out, this question is well settled. A consent decree has the same preclusive effect as if it were fully litigated unless there is a showing of fraud, a contrary intent of the parties, or important countervailing public policy reasons. *Hentschel v. Smith*, 278 Minn. 86, 153 N.W.2d 199, 203 (1967); *Pangalos v. Halpern*, 247 Minn. 80, 85–86, 76 N.W.2d 702, 706 (1956). The authority cited by Falk, *Clausen v. Conti–Commodity Servs. Inc. (In re Clausen)*, 44 B.R. 41 (Bankr.D.Minn.1984), is inapplicable as it involved alleged fraudulent transfers. The dissolution decree in this case should be given the preclusive effect intended by the parties.

Falk's final contention is that the estate cannot be collaterally estopped by the dissolution order because there is no privity. He emphasizes that he is now acting as debtor-in-possession on behalf of his creditors whereas at the time of the dissolution he was pursing his own interests. He cites *Goldstein v. Lange (In re Lange)*, 35 B.R. 579, 585 (Bankr.E.D.Mo.1983) as support for his position.

Hecker responds that the central requirement for finding privity is fairness. She notes that Falk as debtor-in-possession is the same individual who agreed to the dissolution order and sought to give it preclusive effect. She also cites authority indicating that a debtor-in-possession is bound by the debtor's pre-bankruptcy contracts and litigation. Hecker distinguishes *Goldstein v. Lange* by noting that the transfer

3. Paragraph 13 of the dissolution order's conclusions of law states:

*Final Settlement.* Immediately upon entry of this Judgment and Decree, each party shall hold, possess and enjoy for his or her sole and separate use, all property owned by him or her, respectively, free and clear from any claim of the other party thereto, and each party is forever barred from having or asserting against the other any right, claim, demand or obligation at any time hereinafter, for any purpose, excepting only those that may arise under this Judgment and Decree.
Both parties agreed to this provision.

of assets in that case was not made pursuant to a court order and Missouri law was applied.

Privity requires a finding that, under the facts and circumstances, preclusion of a non-party is proper. Factors considered by courts include a non-party's controlling participation in the litigation, the alignment of rights between the non-party and its representative, and the fairness of imposing preclusion upon the non-party. A finding of privity is a question of fact for the trial court to be made on a case by case basis. *Amalgamated Sugar Co. v. NL Indus.*, 825 F.2d 634, 641 (2d Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987); *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 599 (5th Cir.1985).

The limited authority addressing this situation supports a finding of privity. A bankrupt's trustee is generally precluded from relitigating pre-bankruptcy judgments recorded against the bankrupt or from unilaterally rejecting contracts entered by the bankrupt prior to the bankruptcy. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527–28, 104 S.Ct. 1188, 1196–97, 79 L.Ed.2d 482 (1984); *Teltronics Servs., Inc. v. L M Ericsson Telecommunications, Inc.*, 642 F.2d 31, 37 (2d Cir.), *cert. denied*, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981). These principles apply as well to court approved property settlements entered by a debtor prior to bankruptcy. *See Harman v. Sorlucco (In re Sorlucco)*, 68 B.R. 748, 753–54 (Bankr.D.N.H.1986).[4] No suggestion of fraud or collusion has been made in this case. It appears that Falk negotiated the property settlement diligently and represented well the interests of his creditors. The evidence supports the bankruptcy court's finding of privity between Falk as debtor-in-possession and Falk as a party to the dissolution order.

Falk has failed to demonstrate that a collateral estoppel was inappropriately applied by the bankruptcy court so that court's ruling should be affirmed.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the order of the bankruptcy court dated July 27, 1988 is affirmed.

---

**4.** The contrary authority cited by Falk, *Goldstein v. Lange (In re Lange)*, 35 B.R. 579, 585 (Bankr.E.D.Mo.1983), is distinguishable and not binding here.